### Edward C. Long *vs.* Isaac W. Webb.

#### January 7, 1878.

**Former Judgment—Facts of Case Considered.**—The facts appearing in this case and stated in detail, in the opinion of the court, considered, and *held* sufficient to support a defence of former judgment in bar.

**Matters Adjudicated in an Action—Record cannot be Contradicted by Parol Evidence.**—Where it appears from the record of an action that certain matters were therein adjudicated, it is not competent to show by parol evidence that they were not.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Simons,* J., without a jury.

*Morris Lamprey,* for appellant.

*W. P. Warner,* for respondent.

BERRY, J. The plaintiff and defendant entered into a contract, whereby the former agreed to deliver to the latter 100 tons of hay, warranted to be of the best quality, and the latter agreed to pay nine dollars per ton for the same, upon the delivery of the whole quantity agreed to be delivered.

The plaintiff delivered between 46 and 47 tons only. The defendant thereupon brought an action against the plaintiff upon two breaches of his contract—first, in failing to deliver the whole quantity agreed, and second, in failing to comply with the warranty of quality as respected a portion of that which was delivered. In his complaint in such action the defendant admitted the delivery of 46 1950-2000 tons of hay, and alleged that he had paid to and for the plaintiff $223, on account of the same. Such complaint also admitted the sale and delivery, by the plaintiff to the defendant, of potatoes, and sacks containing the same, to the amount of $72.20, which sum was admitted to be owing to plaintiff by defendant. Defendant's claim for judgment in his complaint for $313.24 was arrived at by the following computation:

| | | |
|---|---:|---:|
| Whole amount of damages alleged | | $585 22 |
| Price of hay delivered, 46 1050-2000 tons, @ $9 - $422 78 | | |
| Less paid on account of same | 223 00 | |
| Net balance for hay delivered | $199 78 | |
| Price of potatoes and sacks | 72 20 | |
| Total to be deducted | 271 98 | |
| Balance | | $313 24 |

The plaintiff's answer in said action set up certain matters by way of defence, against the charges that he had broken his contract, and alleged that he had delivered, under the contract, a certain quantity of hay, being a few hundred pounds less than the quantity admitted by the defendant in his complaint to have been received by him. Such answer also alleged the sale and delivery to defendant of the quantity of potatoes and the same number of sacks with which he was credited in the complaint, and one more sack, the price of

the potatoes being the same as, and the price of the sacks being a few cents more, than that admitted in the complaint. The answer demanded no relief whatever.

Upon the trial before a jury in the common pleas for Ramsey county, the defendant (the plaintiff in that action) had a verdict for $62.50, for which, with interest and costs, a judgment was subsequently entered, which was paid by the present plaintiff, (the judgment defendant.)

Subsequently the present action was brought by the plaintiff to recover of the defendant the price (at the rate of nine dollars per ton) of the quantity of hay alleged in the answer in the former action to have been delivered, (being a few hundred pounds *less* than the quantity admitted to have been received in the complaint in such former action,) and also the price of the quantity of potatoes and number of sacks admitted to have been received in the complaint in the former action, and at the price specified therein. The defendant, in his answer, sets up the former judgment in bar. To sustain his answer he produces the judgment roll in the former action. From the pleadings therein, the substance of which has been sufficiently stated above, it appears that the identical matters for which the plaintiff seeks in this action to recover were set up in the former action, the present defendant (the plaintiff in the former action) admitting the same to their full extent and more in his complaint, and deducting the same from the sum claimed by him as damages. And the same matters were also set up in the answer in the former action, so that as to both their nature and amount the parties agreed. Upon this state of facts it must be assumed, upon the pleadings in the former action—and there is nothing in the record therein by which this assumption is in any way shaken—that the very matters on account of which the plaintiff seeks to charge the defendant in this action were submitted to the jury, and by them considered and passed upon, in the former action, the result being embodied in the judgment. If this is so, the former judgment ought to be and is a bar. Whether, with reference to the canons of

good pleading, the defendant should have inserted in his complaint in the former action the allegations which gave credit and made allowance to the plaintiff for the matters for which he seeks a recovery in this action, it is not now important to inquire. It is enough that it was done, and the defendant's claim in the former action submitted to trial upon that basis, without, so far as properly appears, any objection or any attempt to prevent it. The record in the former action showing upon its face that the subject of the plaintiff's present action is *res adjudicata,* and the judgment therefor a bar, it is not competent to show that this is not the case by parol evidence; for this would be to contradict the record, which, as it imports uncontrollable verity, cannot be contradicted.

The views to which we have thus arrived appear to dispose of the case before us, and to render it unnecessary to consider other points made upon the argument.

Judgment reversed.