IRA E. MEAGHER, JR., AND OTHERS, COPARTNERS d.b.a.
MEAGHER, GEER, MARKHAM & ANDERSON, v.
ALBERT C. KAVLI, INDIVIDUALLY AND d.b.a.
KAVLI REALTY COMPANY, AND OTHERS.

97 N. W. (2d) 370.

June 12, 1959—No. 37,646.

56

*Harry H. Peterson* and *L. W. Crawhall,* for appellants.

*Henry Halladay* and *Dorsey, Owen, Scott, Barber & Marquart,* for respondents.

MATSON, JUSTICE.

Defendants appeal from an order denying their motion for a new trial.

This action brought to recover an unpaid balance of attorneys' fees is before this court for the second time. The facts are exhaustively set forth in the opinion on the prior appeal. Meagher v. Kavli, 251 Minn. 477, 88 N. W. (2d) 871. In the course of the present opinion we shall restate only such basic facts as are necessary for a discussion of the issues.

The attorneys' fees in dispute are for legal services performed by plaintiffs' law firm in representing two brothers, A. C. Kavli and E. L. Kavli, in a personal injury action brought against them and the Harris Machinery Company by one Glen Dix. At the close of plaintiff's case, defendant A. C. Kavli was dismissed from the action, Dix recovered a verdict for $15,000 against E. L. Kavli, Harris Machinery Company, and one Clarence Peterson, and appeal was taken to this court. See, Dix v. Harris Machinery Co. 240 Minn. 218, 60 N. W. (2d) 628. Plaintiffs for such legal services made a charge of $2,338.75. Two payments of $300 each were made on account. The present action arises from defendants' refusal to pay the unpaid balance of $1,738.75, which consists of $113.75 for expenses and $1,625 for legal fees. The jury awarded plaintiffs a verdict for the entire amount.

Upon this appeal we have issues as to whether plaintiffs are barred from recovering their fees because their services were unnecssary and involved professional misconduct and negligence. Further issues relate to alleged errors of the court in its rulings and in its instructions to the jury and also to alleged misconduct of counsel in the instant case.

■ We turn first to the basic issue of whether plaintiffs are barred from recovering legal fees for their professional services on the theory that in defending their clients in a negligence action (involving in addition to their clients another joint tortfeasor as a defendant) they unnecessarily or unjustifiably denied liability and litigated that issue as to one of their clients, despite the fact that from the outset they had frankly advised their clients that in their *opinion* at least one of them would be found liable and that a jury would not find plaintiff contributorily negligent. A lawyer's professional conduct in representing his client in litigation is to be appraised in the light of all the surrounding circumstances existing prior to and during the course of such litigation and not solely according to an omniscience of hindsight gained after the litigation has been completed. In this case plaintiffs' clients were two brothers and one of them, E. L. Kavli, was the fee owner of the building in which the elevator-shaft accident occurred. The other brother, A. C. Kavli, had participated in the management and operation of the building. Another principal defendant in the tort action, not represented by plaintiffs but by independent counsel, was the Harris Machinery Company,[1] which occupied the building as tenant of E. L. Kavli. Dix, plaintiff in the tort action to recover $46,000 in damages, fell into the elevator shaft while he was visiting the Harris Machinery Company as a prospective customer.[2]

At the initial consultation, plaintiffs' law firm was represented by Arthur B. Geer, an experienced trial lawyer, and the Kavlis were represented by A. C. Kavli who was accompanied by his regular attorneys, L. W. Crawhall and Arthur M. Lystad. Mr. Geer, whose firm had theretofore investigated the case in behalf of Kavli's insurer which had since failed, then gave them his *opinion* that because of the violation of St. Paul city ordinances[3] and state statutes[4] relating to elevators, E. L.

---

[1]Clarence Peterson, an employee of the Harris Machinery Company, was also joined as a defendant.

[2]The facts are fully set forth in Dix v. Harris Machinery Co. 240 Minn. 218, 60 N. W. (2d) 628.

[3]St. Paul City Charter and Ordinances, 458.01 (formerly Ordinance No. 5988, § 1, 1941 Compiled Ordinances of City of St. Paul); Building Code of City of St. Paul, Ordinance No. 7210, § 14-39(c).

[4]M. S. A. 1953, § 183.35.

Kavli, as building owner, and the Harris Machinery Company (herein referred to as Harris), as the tenant, would both be held negligent, and that consequently he recommended that the case be settled for $12,000 to be paid in equal amounts by such owner and tenant. Mr. Geer was, however, unable to make any offer of settlement because codefendant Harris, denying all liability as tenant, refused to contribute anything.

Under the circumstances no contribution could be expected from Harris unless its liability was first established in the litigation. It was definitely to the interest of plaintiffs' client, E. L. Kavli, and at the outset at least to the interest of his brother, A. C. Kavli, that the issue of Harris' negligence be thoroughly and vigorously litigated lest the Kavlis be unjustifiably left wholly responsible for the payment of all damages awarded. When a lawyer, in a personal injury action against several joint tortfeasors, is of the opinion that the defendant he represents will be found liable, and he is also of the opinion that another defendant whom he does not represent may likewise be found liable, and such other defendant contests liability, he has the duty to protect his client from being unjustifiably saddled with the entire damage burden when it ought to be shared by such other defendant, and in the discharge of that duty to his client, it is neither improper nor negligent for him to conclude, under the peculiar circumstances of the case, that his client's liability ought to be denied to the end that all *related* questions of liability may be litigated as contested issues.

We do not here have the case of an attorney representing a tort *plaintiff* whose claim he knows is untenable and who yet futilely and unnecessarily goes forward to trial. It is illogical to align the instant fact situation of a tort defendant with a tort-plaintiff situation. Almost all of the many cases cited by defendants go to the problem of the unnecessary and unbeneficial services of an attorney representing a tort *plaintiff*.

A conscientious lawyer usually gives his client a frank appraisal of any hazards faced by him as a defendant in a lawsuit. When he points out the hazards of a tort action brought against his client by expressing an *opinion* that his client will lose on the issue of liability, it does not necessarily follow that liability exists as a matter of law,

or that regardless of the surrounding circumstances, liability may not be properly denied for the purpose of having an adjudication on the merits and this is especially true when that issue must, in any event, be litigated as to codefendants. Any realistic consideration of the circumstances in this case leads to the conclusion that plaintiffs were not negligent and that they adopted an ethical, reasonable, and prudent course for the protection of the interest of their clients. The trial court did not err in so instructing the jury. Under the circumstances of this case defendants' argument that Mr. Geer's services were false, sham, and meritless and that he violated Canon 30 of Professional Ethics of American Bar Association[5] and Rule 11 of Minnesota Rules of Civil Procedure[6] and that he should therefore be deprived of his attorneys' fees, is wholly untenable.

It was not error for the trial court to charge the jury that as a matter of law the appeal taken to the supreme court was necessary to protect the interest of the defendant, E. L. Kavli. Even after the jury gave Dix a verdict for $15,000 against defendants E. L. Kavli, Harris, and Harris' employee, Clarence Peterson, Harris nevertheless continued to deny liability and insisted upon taking an appeal. Two separate appeals— one by defendants Harris and Peterson and one by defendant E. L. Kavli—were taken from an order denying separate motions for judgment notwithstanding the verdict or a new trial. The interests of plaintiffs' client, E. L. Kavli, were as much at stake upon appeal as they were in the trial below. If plaintiff law firm had not perfected an appeal in his behalf, as he had authorized them to do, and the Harris Machinery Company upon its appeal had been relieved of all liability to Dix because, for example, this court had held Dix contributorily negligent as a matter of law,[7] E. L. Kavli would then have been liable

----

[5] "* * * [The attorney's] appearance in Court should be deemed equivalent to an assertion on his honor that in his opinion his client's case is one proper for judicial determination."

[6] "* * * The signature of an attorney constitutes a certification by him that he has read the pleadings; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."

[7] Upon appeal plaintiff might possibly have been held contributorily negligent as a matter of law. See, Bridges v. Hillman, 249 Minn. 451, 82 N. W. (2d) 615.

to Dix for the entire verdict of $15,000. Most likely the Kavlis would then have complained that it was negligent not to take an appeal. Another justifiable reason for taking the appeal relates to the admissibility of evidence (as hereinafter set forth in this opinion) which raised a questionable point of law as illustrated by the four-to-two decision of this court. It is unnecessary to consider other reasons for taking the appeal.

■ Another issue of alleged professional negligence relates to the trial court's denial to defendants of the right to cross-examine Mr. Geer with respect to his failure to object to inadmissible evidence at the Dix trial. Defendants assert that his failure to so object constituted negligence which unjustifiably increased the damages by at least $8,000. The evidence admitted without objection was exhibit L, a copy of an audit which had been used as a basis for computing the income tax of Dix for 1947. Geer objected, however, to the subsequent introduction of similar exhibits (M, N, and O) for the years of 1948, 1949, and 1950, which showed a considerable reduction in Dix's income after the accident (240 Minn. 229, 60 N. W. [2d] 635). The trial court overruled Geer's objection on the ground that, since he had failed to object to the 1947 audit, it would be unfair to exclude audits for the subsequent years of 1948, 1949, and 1950. Upon appeal this court split four-to-two on the question of whether or not the trial court was correct in holding that Geer had waived his right to exclude exhibits M, N, and O by failing to object and exclude exhibit L. The two dissenting members of this court argued that the three audits of 1948 to 1950 were incompetent and inadmissible evidence and should have been excluded regardless of what had been admitted already. When the members of a court of final review disagree as to the correctness of a ruling upon the admission of evidence, obviously a questionable point of law is involved upon which reasonable doubt may be entertained by well-informed lawyers. It is well settled that:

"An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort

in his State and on which reasonable doubt may be entertained by well-informed lawyers."[8]

Aside from this conclusion, defendants are in no position to establish prejudicial error since they have made no showing that counsel for Dix in the 1951 trial would not have been able to prove Dix's loss of business profits by other competent documentary evidence or testimony. In the absence of such proof, it cannot be said, except as a matter of speculation, that Dix's recovery of damages was increased by Mr. Geer's failure to exclude all four audits. Upon the issue of whether Dix's damages were increased, defendants had the burden of proof and they have not met it. We find no error in the trial court's ruling.

■ It is further contended that plaintiffs' counsel were guilty of prejudicial misconduct in the course of the trial in two respects; namely, (1) in bringing before the jury the fact that an offer of settlement had been made by defendants, and (2) in commenting in his argument to the jury upon failure of one of defendants' attorneys to be a witness.

The first error occurred when defendant A. C. Kavli, while under cross-examination, volunteered that probably the suit could be settled by the use of "a little common sense between us all." Plaintiffs' counsel then asked if he had not in fact made an offer of judgment the preceding Friday. Witness Kavli answered that he did not know. Defendants' counsel at once made objection. The trial court denied defendants' request for a declaration of mistrial but did instruct the jury to disregard the question and answer. Again in its charge to the jury the trial court made it clear that no consideration should be given to such evidence. The trial court's cautionary instructions to the jury were reasonably adequate to eliminate any likelihood of prejudice.

The second item of error relates to counsel's improper comment to

---

[8]Hodges v. Carter, 239 N. C. 517, 520, 80 S. E. (2d) 144, 146, 45 A. L. R. (2d) 1, 4; Rapuzzi v. Stetson, 160 App. Div. 150, 145 N. Y. S. 455, 9 NCCA 176; 5 Am. Jur., Attorneys at Law, § 126; 7 C. J. S., Attorney and Client, § 142. As to the standard of care and skill required of an attorney, see Hodges v. Carter, *supra*; Annotation, 45 A. L. R. (2d) 5; 7 C. J. S., Attorney and Client, § 141; 5 Am. Jur., Attorneys at Law, §§ 124 to 128; Prosser, Torts (2 ed.) § 31, p. 132.

the jury upon the failure of L. W. Crawhall to testify as to what took place when he was present at the initial consultation between A. C. Kavli and plaintiffs. Here again the trial court took proper corrective measures by explaining to the jury that since Mr. Crawhall appeared as an attorney of record it was improper for him to testify. The jurors were told that it would be entirely unjustified and unwarranted for them to draw any inference therefrom. This court has repeatedly made it clear that a new trial for prejudicial conduct or argument is granted only to prevent a miscarriage of justice and that whether a new trial is to be granted rests in the discretion of the trial court whose decision will be reversed upon appeal only for a clear abuse of discretion.[9] We find no abuse of that discretion. Warren v. Marsh, 215 Minn. 615, 11 N. W. (2d) 528, cited by defendants, is not to the contrary.

■ We find no merit in the contention that the trial court in its instructions to the jury gave undue prominence to the testimony of plaintiffs' witnesses.

A detailed review of the evidence is unnecessary since it reasonably sustains the verdict on either the theory of an account stated or on the basis of a finding of the reasonable value of the services. Although the verdict is sustained by the evidence, it is nevertheless urged that the trial court erred in failing to instruct the jury that it might find that defendant A. C. Kavli was at all times acting as an agent for his brother and therefore would not be personally liable for any attorneys' fees. Secondly, we have the contention that the jury should have been told that, since A. C. Kavli was not a party to the appeal in the Dix case, no attorneys' fees or disbursements allocable to such appeal could in any event be awarded against him.

The first contention that it was error not to instruct the jury on the theory that A. C. Kavli was at all times acting as an agent need not be considered for the very good reason that the evidence could not

---

[9]Beebe v. Kleidon, 242 Minn. 521, 65 N. W. (2d) 614; Hardy v. Anderson, 241 Minn. 478, 63 N. W. (2d) 814; Willmar Gas Co. Inc. v. Duininck, 239 Minn. 173, 58 N. W. (2d) 197; Randall v. Goodrich-Gamble Co. 244 Minn. 401, 70 N. W. (2d) 261; Hallada v. G. N. Ry. 244 Minn. 81, 69 N. W. (2d) 673; Boutang v. Twin City Motor Bus Co. 248 Minn. 240, 80 N. W. (2d) 30.

sustain a finding of agency. An omission or a refusal to give a requested instruction is not error where the evidence will not sustain a finding of facts essential to make the instruction applicable.[10]

The second point relating to the failure to instruct the jury that no attorneys' fees or disbursements allocable to the Dix appeal could be awarded against A. C. Kavli is without merit. The record conclusively shows that whenever he dealt with plaintiffs' law firm he gave them to understand that he was authorizing the appeal not only in behalf of his brother but in behalf of himself. At no time did he represent to plaintiffs that he was acting solely as his brother's agent. Whatever may have been the undisclosed understanding between the two Kavli brothers as to a division of fees is of no significance. The further fact that A. C. Kavli was not a direct party to the appeal is likewise of no consequence as long as he personally joined in requesting and authorizing plaintiffs to perfect and prosecute the appeal. That he considered himself personally obligated to plaintiffs for all fees and disbursements, both in the trial court and in the appellate court, is unmistakably confirmed by his conduct when he received plaintiffs' statement for fees after the litigation had come to an end. Although he testified that he had questioned the reasonableness of the total amount charged for fees and disbursements, there is not one scintilla of evidence that he ever denied or ever questioned his personal liability for the charge items relating to the appeal. In fact after he had been dismissed from the action in the trial court, and after the trial below had been completed, he joined with his brother in signing a proof of claim to be filed in New York State proceedings for the liquidation of the insurance company, and this proof of claim contained not only an item of $1,276.58 for trial court fees but a further item of $4,000 as estimated *future* attorneys' fees. The record justifies only one finding; namely, that A. C. Kavli personally obligated himself to the plaintiffs for attorneys' fees and costs in the appellate court.

The order of the trial court must be and is affirmed.

Affirmed.

---

[10]O'Connor v. Chicago, M. St. P. & P. R. Co. 190 Minn. 277, 251 N. W. 674, followed in Id. 190 Minn. 290, 253 N. W. 670, certiorari denied, 292 U. S. 651, 54 S. Ct. 860, 78 L. ed. 1500.