**HULSTRAND, ANDERSON, LARSON & BOYLAND, Respondents,**

v.

**John ROGERS, as Sheriff of Meeker County, Appellant.**

**No. C6–85–1933.**

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 19, 1986.

Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., Richard R. Quinlivan, Steven R. Schwegman, St. Cloud, for respondents.

John H. Martin, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J. and FORSBERG and LESLIE, JJ.

### OPINION

LESLIE, Judge.

Attorneys brought suit against former client to recover attorney fees and client counterclaimed, alleging the attorneys negligently represented him in a prior proceeding. Client appeals from a judgment for the attorneys. We affirm.

### FACTS

During the spring and summer of 1974, the Meeker County Sheriff's office had some security problems, as various records and personnel files disappeared. After an investigation, appellant John Rogers, the

Meeker County Sheriff, determined that three individuals including a deputy sheriff were responsible. Rogers fired the deputy sheriff and made statements to the press implying that the three individuals had attempted to break into the sheriff's office. The three individuals brought suit in state court, alleging that Rogers had libeled them. At the same time, the deputy sheriff brought suit in federal court, alleging her constitutional rights were violated. Respondents Hulstrand, Anderson, Larson & Boylan represented appellant in both the state and federal actions.

While the federal case was pending, the state case went to trial and judgment was entered against appellant. With respondents representing him, Rogers appealed to the Minnesota Supreme Court, which reversed the judgment in *Hirman v. Rogers,* 257 N.W.2d 563 (Minn.1977).

The deputy sheriff then amended her federal complaint to include a claim for wrongful discharge and malicious discharge. In answering the amended complaint, respondents alleged that "a portion of the damages by the plaintiff herein, have already been litigated and that the plaintiff is not entitled to a further opportunity to relitigate the same." In a letter to the magistrate objecting to the demand for a jury trial, respondents stated that the matter had been previously litigated with only a slightly different theory. Furthermore, respondents made the federal district court judge aware of the previous state court libel action before the jury was chosen, but the judge responded, "We are not dealing with a libel action here, strictly." After the jury verdict for the deputy sheriff, appellant moved for judgment notwithstanding the verdict on the grounds that the matter should be dismissed because it was res judicata.

In a memorandum order, the district court recognized that res judicata may be applied in actions under 42 U.S.C. § 1983 if the constitutional issues could have been raised in earlier suits and if the two lawsuits concerned the same nucleus of operative facts. Although the court felt that the two suits did arise out of the same nucleus of operative facts, the court refused to grant the motion. The court stated that appellant's answer did not mention res judicata, nor did respondents argue it until post-trial motions were made. Because the court believed that res judicata was unavailable unless pleaded and litigated, and because appellant only first attempted to raise res judicata after trial, the court ruled that res judicata was inappropriate.

This decision was affirmed by the Eighth Circuit in *Johnson v. Rogers,* 621 F.2d 300 (8th Cir.1980). In discussing the res judicata issue, the court stated as follows:

> This issue appears to have been raised for the first time in the sheriff's motion for judgment notwithstanding the verdict. [The federal district court judge] correctly ruled that, since this issue was not pleaded or argued at trial, Federal Rule of Civil Procedure 8(c) makes this defense unavailable to the sheriff. * * * Additionally, we note that since a motion for judgment notwithstanding the verdict is " 'technically only a renewal of the motion for a directed verdict made at the close of the evidence, it cannot assert a ground that was not included in the motion for a directed verdict.' " Having failed to raise the issue of *res judicata* during trial, the sheriff was not entitled to raise that issue in his motion for judgment notwithstanding the verdict.

*Id.* at 305 (citations omitted).

Following this opinion, appellant paid the judgment and part of the attorney fees charged by respondents. In August 1981, respondents brought suit against their former client for the remainder of the fees. Appellant, alleging negligence, counterclaimed for damages. The matter was tried without a jury and the trial court found for respondents, determining that they were not negligent.

## ISSUE

Did the trial court err in determining that respondents were not negligent in failing to assert res judicata as a defense in a

prior claim in which they represented appellant?

## ANALYSIS

■ In a legal malpractice claim, a plaintiff must establish four elements: (1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that those acts were the proximate cause of the plaintiff's damages; and (4) that but for the attorney's negligence the plaintiff would have been successful in the lawsuit. *Blue Water Corp., Inc. v. O'Toole*, 336 N.W.2d 279, 281 (Minn. 1983). Failure to prove any one element defeats recovery. *Id.* at 282.

■ It is clear that the first element is present here. The issue really is whether appellant established any acts constituting negligence. The mere fact that appellant lost his case does not establish negligence. *See* R. Mallen & V. Levit, *Legal Malpractice* § 250 (2nd ed. 1981). As the supreme court has acknowledged:

> "An attorney is * * * bound to exercise * * * only a reasonable degree of care and skill, having reference to the character of the business he undertakes to do. He is not answerable for every error or mistake, and will be protected as long as he acts honestly and in good faith to the best of his skill and knowledge, or with at least reasonable skill and learning and an ordinary degree of attention or care."

*Sjobeck v. Leach*, 213 Minn. 360, 365, 6 N.W.2d 819, 822 (1942) (quoting 5 Am.Jur. Attorneys at Law § 125). Respondent's conduct must be "appraised in the light of all the surrounding circumstances existing prior to and during the course of such litigation and not solely according to an omniscience of hindsight gained after litigation has been completed." *Meagher v. Kavli*, 256 Minn. 54, 57, 97 N.W.2d 370, 373 (1959).

Appellant presented no real evidence concerning what a reasonable attorney would have done in the federal case. He presented no experts who testified that a reasonable attorney would have pleaded the res judicata matter any differently or would

have presented the issue to the court any differently than did respondents. Nor did he elicit any evidence from respondents which would suggest that they failed to adequately prepare for the trial. His argument seems to be that the federal courts specifically held that res judicata had to be pleaded and that respondents failed to do so. Because the federal district court judge suggested that res judicata would have been a valid defense, appellant argues that because of respondents' negligence the lawsuit was lost.

Respondents specifically testified that they believed they were raising res judicata when they wrote the magistrate informing him of the prior litigation and when they answered the amended complaint by stating that a portion of the damages had already been litigated.

The only expert who testified was Joe Thompson, an attorney from respondents' home town. His testimony supported a finding that reasonable attorneys would have felt they were properly raising the res judicata defense. He based his opinion on his belief that pleadings should be liberally construed and that although "the magic words" of res judicata were not used, the defendant was put on notice of this defense. He also felt that the letter to the magistrate was a proper assertion of the res judicata defense. Although the federal district court judge and the Eighth Circuit obviously disagreed, this evidence is important in establishing that a reasonable attorney would have felt that the issue was properly preserved.

Respondents also testified that they felt at the time of the trial that res judicata would not be a valid defense because the state and federal claims were different. Thompson concurred in this opinion, stating that "I do not believe that there was either collateral estoppel or res judicata as a result of that state court decision." Although the federal court's decision suggested that both of these opinions are incorrect, this testimony does tend to show that respondents' behavior was reasonable.

Appellant objected strongly at trial to this testimony from respondents and Thompson. He argued that the issue of whether res judicata had been properly raised was decided by the federal courts, and that it was the law of the case that respondent had not properly raised the issue. It is well established that if it appears from the record of an action that certain matters were adjudicated, it cannot be shown by parol evidence that they were not. *See Long v. Webb*, 24 Minn. 380, 383 (1878).

This argument fails to recognize exactly what was litigated at the federal courts and what respondents' and Thompson's testimony was intended to show. The federal court did rule that res judicata had not been properly raised. The court did not rule, however, that respondent's behavior was negligent. The testimony of respondents and Thompson went to prove that a reasonable attorney could have felt that respondent was properly raising res judicata. As such, this evidence is admissible.

Appellant analogizes the situation to one in which an attorney fails to file suit before the statute of limitations expires. When an attorney misses the statute of limitations the plaintiff cannot bring suit; when the attorney fails to raise res judicata the defendant loses an opportunity to have the suit dismissed before an expensive trial. Because the supreme court has held that an attorney acted negligently in permitting the statute of limitations to bar a claim (*Christy v. Saliterman*, 288 Minn. 144, 151, 179 N.W.2d 288, 294 (1970)), appellant aruges that we should hold respondent negligent as a matter of law.

Res judicata, however, is a more difficult issue than statute of limitations in a typical case. At the time of the federal suit, it was not well established that an action under 42 U.S.C. § 1983 could be dismissed on res judicata grounds when a substantially different state action arose out of the same general occurrence. Indeed, the Eighth Circuit case on which the federal district court judge relied was cited

to in the slip opinion. We cannot hold as a matter of law that respondents were negligent in failing to rely on an Eighth Circuit case which had not yet been published.

### DECISION

Because appellant failed to establish that respondents acted negligently, we affirm the trial court.

Affirmed.