WILLIAM McCULLOUGH, RESPONDENT, v. JAMES A. SULLIVAN, APPELLANT.

Argued October 21, 1925—Decided February 1, 1926.

McC. was the owner of a trucking business which he contracted to sell to a corporation formed for the purpose of acquiring it. The purchase price was $100,500, of which $5,000 was to be paid in cash. For the balance of the consideration the corporation was to deliver promissory notes to be secured by a chattel mortgage on the chattels sold. McC. employed S., an attorney and counselor-at-law of the state, to draft the chattel morgage. The corporation defaulted in the payment of some of the notes. McC. instituted foreclosure proceedings. The corporation went into bankruptcy. The chattel mortgage was attacked upon the ground that the affidavit did not state the true consideration of the mortgage. It was held void by the referee in bankruptcy. This decision was affirmed by the U. S. District Court. The Circuit Court of Appeals affirmed the order of the U. S. District Court. McC. instituted an action against S. to recover his loss: *Held*—(1) That an attorney undertakes, in the practice of his profession, that he is possessed of that degree of knowledge and skill ordinarily possessed by the members of the profession, and that in the transaction of business he will use the knowledge and skill which lawyers of ordinary ability and skill possess and exercise; (2) that the question for determination upon the facts above stated was not the validity *vel non* of the chattel mortgage, but whether or not S. had exercised in its preparation

that reasonable knowledge and skill which lawyers of ordinary ability and skill possess and exercise; (3) that motions to non-suit the plaintiff and direct a verdict for the defendant were properly denied by the trial judge, the question for determination being one for the decision of a jury; (4) that the orders of the referee in bankruptcy, U. S. District Court and U. S. Circuit Court of Appeals, holding mortgage invalid, were admissible in evidence; (5) that it was not error for the trial judge to state in his charge that the chattel mortgage was invalid.

On appeal from the Supreme Court.

For the appellant, *Mackay & Mackay* (*Howard Mackay,* of counsel).

For the respondent, *Jerome J. Dunn.*

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment of the Supreme Court, entered upon the verdict of a jury rendered at a trial held at the Bergen Circuit. The defendant below (hereinafter referred to as the defendant) is the appellant. In September, 1920, the plaintiff below (hereinafter referred to as the plaintiff), was the owner of a trucking business. He entered into an agreement to sell the business to a corporation formed for the purpose of acquiring it, known as the McCullough Trucking Company (hereinafter referred to as the Trucking Company). The purchase price was $100,500. The agreement provided for a cash payment of $5,000. The balance of the purchase price, $95,500 was to be paid in installments. For these installments the Trucking Company was to deliver to the plaintiff sixty-eight promissory notes. These notes were to be secured by a chattel mortgage covering the chattels sold. The plaintiff consulted the defendant, who is an attorney and counselor of law of this state, informed him of the nature of the transaction, and engaged him to draw the chattel mortgage which he was to receive. The defendant drew the chattel mortgage. It was placed upon record. The Trucking Company defaulted in the payment of some of the notes

as they matured. The plaintiff sought to foreclose the chattel mortgage. This resulted in the bankruptcy of the Trucking Company. In these bankruptcy proceedings the validity of the chattel mortgage was attacked. The ground of the attack was that the affidavit did not conform to the provisions of the Chattel Mortgage act, in that it did not set forth the true consideration of the mortgage. The attack was successful. The referee in kankruptcy who first passed upon the question of the validity of the chattel mortgage held it void as against general creditors and dismissed the lien attaching to the proceeds of sale (the chattels having been sold by order of the court free of the chattel mortgage, the lien, if any, to attach to the proceeds of sale). The order of the referee was affirmed by the United States District Court. The order of affirmance of the United States District Court was subsequently affirmed by the United States Circuit Court of Appeals for the Third Circuit. There was a subsequent chattel mortgage between the same parties which was held valid. This has, however, no bearing upon the present action. The chattels presumably covered by the mortgage brought at the sale $20,000. From this amount the plaintiff was paid $4,362.19, which was the amount due upon the second chattel mortgage which was held valid, and the plaintiff's dividend as a general creditor. The balance of the proceeds of sale, $15,637.81, went to the other general creditors. The plaintiff would have received the entire sum had the first chattel mortgage been held valid. The plaintiff thereupon commenced the present action against the defendant to recover his loss upon the theory that the defendant had failed to exercise reasonable skill and care in the preparation of the chattel mortgage. The trial judge left to the jury the question as to whether or not the defendant had exercised reasonable skill and care in the drafting of the mortgage. The jury found in favor of the plaintiff and rendered a verdict for $15,637.81. From the judgment entered on this verdict the defendant has appealed.

Before considering the grounds advanced by the appellant for the reversal of this judgment, it is, perhaps, ad-

visable to state the law applicable to the present cause of action. A lawyer, without express agreement, is not an insurer. He is not a guarantor of the soundness of his opinions, or the successful outcome of the litigation which he is employed to conduct, or that the instruments he will draft will be held valid by the court of last resort. He is not answerable for an error of judgment in the conduct of a case or for every mistake which may occur in practice. He does, however, undertake in the practice of his profession of the law that he is possessed of that reasonable knowledge and skill ordinarily possessed by other members of his profession. He contracts to use the reasonable knowledge and skill in the transaction of business which lawyers of ordinary ability and skill possess and exercise. On the one hand he is not to be held accountable for the consequences of every act which may be held to be an error by a court. On the other hand, he is not immune from the responsibility, if he fails to employ in the work he undertakes that reasonable knowledge and skill exercised by lawyers of ordinary ability and skill. The duties and liabilities between an attorney and his client are the same as those between a physician and his patient. Both the attorney and physician are required to exercise that reasonable knowledge and skill ordinarily possessed and exercised by others in their respective professions.

In this state there appears to be a dearth of reported cases defining the relations in this respect between an attorney and his client, although many are found in the reports of other states. In *Jacobsen* v. *Peterson,* 91 *N. J. L.* 404, Mr. Justice Trenchard, in speaking of the duty of an attorney, who is employed to investigate the title to real estate, to make a painstaking examination of the records and to report all facts relating to the title, said: "He [the attorney] is, therefore, liable for an injury that may result to his client from negligence in the performance of his duties—that is, from a failure to exercise ordinary care and skill in discovering in the records and reporting all the deeds, mortgages, judgments, &c., that affect the title in respect to which he is

employed." This opinion, delivered in the Supreme Court, was adopted in this court. 92 *Id.* 631.

It was upon this principle of law, namely, that an attorney owes to his client the duty of exercising the knowledge and skill ordinarily possessed and exercised by others in the profession, that the trial judge submitted the facts in the present case to the jury, for the purpose of having the jury determine the liability of the defendant. In his charge he stated the law as above declared.

The first ground advanced by the defendant for reversing the judgment is the failure of the trial judge to grant a nonsuit upon the ground (first) that the mortgage was a good and valid mortgage, and that it and the affidavit of the consideration embodied in it complied with the statutes of the state, and (second) that the mortgage was good and valid as between the parties, and because of this the contract between the plaintiff and defendant was properly performed. The trial court was not obliged to pass upon the question of the validity of the chattel mortgage. This question had already been determined by the federal courts. The question presented in the present suit was not the validity *vel non* of the mortgage, but whether or not the defendant had exercised that reasonable knowledge and skill in its preparation which the law exacted from him. The question for determination was one of fact for the jury and not of law for the court as the appellant insists. The validity or invalidity of the mortgage was merely a circumstance to be taken into consideration with other matters in the determination of the question of the defendant's responsibility for the plaintiff's loss. The trial judge ruled correctly upon this branch of the motion when he denied it. The fact that the mortgage was good as between the parties did not absolve the defendant from liability. The plaintiff was entitled to have the defendant exercise reasonable skill and care in obtaining for him a chattel mortgage which would protect him against any creditor of the Trucking Company. This was the purpose of the defendant's employment by the plaintiff. On the ground urged in this respect for the direction of a

nonsuit we see no merit, and think the trial judge ruled properly in refusing to grant the motion.

The defendant at the conclusion of the testimony moved for the direction of a verdict in his favor. This motion was denied. An exception was taken. The trial judge's ruling upon this motion is the second ground urged for reversal of the judgment. The contention is that to permit the question of the defendant's alleged negligence to be passed upon by the jury was to make him an insurer or guarantor of the validity of the chattel mortgage. The acceptance of such an argument would be tantamount to holding that the question of the defendant's negligence or not was not one for the determination of a jury. The question of what the affidavit of a chattel mortgage should contain to show the true consideration thereof has been frequently the subject-matter of consideration by our courts. These decisions are reported. It was the duty of the defendant to know them. There was no such question presented in the present case that made it the duty of the trial judge to direct a verdict for the defendant upon the ground that to submit the question of the defendant's negligence to the jury was equivalent to making the defendant an insurer of the validity of the chattel mortgage. The evidence clearly presented a question for the jury as to whether reasonable knowledge and skill had been exercised by the defendant in the drafting of the mortgage. The motion to direct a verdict for the defendant was, we think, properly denied.

The appellant asks us to consider the ruling made by the trial judge in admitting in evidence the orders of the referee in bankruptcy, United States District Court, and United States Circuit Court of Appeals, which held the chattel mortgage void. The appellant contends that as he was not a party to this litigation the orders were inadmissible, and tended to prejudice him in the jury's mind. The orders were not as between the parties to the present action *res adjudicata* as to the question of the defendant's liability. They were not offered for that purpose. What disposition had been made of the chattel mortgage was a matter rele-

vant to the issue. For this purpose the orders objected to were admissible. The finding that the chattel mortgage had been held void was a fact which the jury should take into consideration in determining whether or not the defendant was derelict in the discharge of the duty he owed the plaintiff. There was no better evidence as to what had been determined respecting the validity of the chattel mortgage than the orders of those tribunals which had passed upon the question.

The final ground of appeal urged for reversal is that the trial judge charged the jury that the chattel mortgage was invalid. The argument advanced for the appellant seems to be that this statement left the jury no alternative but to find the defendant guilty of negligence. It undoubtedly was an important factor in causing the jury to reach the conclusion it did. If the mortgage had not been declared void there would have been no verdict against the defendant. But this statement was not error. The question was not whether the mortgage was valid or invalid. It was whether the defendant had exercised in its drafting the reasonable care and skill which the law required of him. This the trial judge put fairly and impartially before the jury. The chattel mortgage had been held invalid by the courts which had passed upon it. There was no dispute as to this fact. It was therefore proper for the court to so charge the jury.

Our examination of all the questions presented has satisfied us that no error was committed by the learned trial judge who tried the case. The judgment is, accordingly, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.