**SOLOMON v. GERSTEL.**

**No. 14422.**

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1953.

Louis H. Stallman, Meyer, Weiss & Rosen, Miami Beach, Fla., for appellant.

Douglas D. Batchelor, Herbert U. Feibelman, George F. Meister, Smathers, Thompson, Maxwell & Dyer, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order of the bankruptcy court, confirming an order of the referee dated September the third, 1952, which denied the petition of the appellant for the return to him of the sum of $10,000, for damages in the amount of $8,185.26, and for other relief arising out of his transactions with L. M. Gerstel, trustee in bankruptcy.

The basic facts in this controversy are without dispute. The appellant made an offer to the trustee to purchase a leasehold interest and other property of the bankrupt, depositing with the trustee upon definitely stipulated conditions a total of $16,000. According to the findings of the referee, which were sustained by the district judge and are amply supported by the evidence, all of this money was disbursed by the trustee to pay off secured creditors: $10,000 of it was handed over to the Sutton Manufacturing Company, a reclamation claimant, in the presence of and with the consent of appellant. In fact, the trustee simply endorsed Solomon's check and handed it to the claimant, receiving therefor a bill of sale to the property as the appellant had directed him to do. At that time, neither the trustee nor the appellant knew of any other liens, the delinquent rental payments having been satisfied with other money furnished by appellant.

The trustee's evidence was clear and positive to the effect that Mr. Solomon knew that "his $6000 was to be applied to put the lease in good condition," to use his exact language. To quote further his testimony: "That is what the $6000 was put up for. Q. And no part of that $6000 was to be applied for any other purpose? Is that correct? A. That is correct."

When the trustee took over the bankrupt's property, he did not know of any outstanding liens, chattel mortgages, or retain-title contracts, affecting it. When Sutton filed a reclamation peti-

tion, the trustee notified the bankrupt, and she got in touch with appellant to see what could be done about it.

It is perfectly plain from the evidence, as found by the court below, that the trustee was merely trying to assist the bankrupt to compose and arrange her affairs so as to continue in business. He was not acting with any authority from the court, but solely under the direction of Solomon, in disbursing the money supplied by the latter. Both acted in good faith and in ignorance of other liens. The money deposited by appellant was put neither into the legal custody of the court nor into the estate of the bankrupt. Because of his lack of diligence and his acquiescence in the disposal of his funds, the appellant has no claim against the trustee in bankruptcy. The bankruptcy court is a court of equity; but it is axiomatic that equity follows the law. The judgment appealed from is affirmed. Hall v. McGehee, 5 Cir., 37 F.2d 854; Lindsley v. Phare, 115 Fla. 454, 155 So. 812; Smetal Corporation v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58; Norton v. Nebraska Loan & Trust Co., 35 Neb. 466, 53 N. W. 481, 18 L.R.A. 88, 37 Am.St.Rep. 441; 16 R.C.L. 119; 35 C.J. 75, 50 C.J.S., Judicial Sales, § 39

Affirmed.