J. D. HODGES v. W. B. CARTER (INDIVIDUALLY) AND ADMINISTRATOR OF THE ESTATE OF H. C. CARTER (DECEASED), AND D. D. TOPPING.

(Filed 24 February, 1954.)

**1. Attorney and Client § 7—**

An attorney who contracts to prosecute an action in behalf of his client impliedly represents that he possesses the requisite degree of learning, skill and ability necessary to the practice of his profession and which others similarly situated ordinarily possess, that he will assert his best judgment in the prosecution of the litigation, and that he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause.

**2. Same—**

An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers.

**3. Same—Evidence held to show mere error of judgment on part of attorneys on unsettled point of law, and nonsuit was properly entered in client's action against them.**

Defendant attorneys, employed to prosecute actions against nonresident insurance companies, mailed to the Commissioner of Insurance, the statutory process agent of foreign insurance companies doing business in this State, G.S. 58-153, process for the Commissioner's acceptance of service in accordance with prevailing custom. The right of the Commissioner to accept service on behalf of foreign insurance companies had not theretofore been tested in the courts, and judgment was entered in Superior Court that his acceptance of service was valid. The attorneys failed to sue out *alias* and *pluries* summons, and on appeal it was held that the acceptance

of service by the Commissioner was invalid. The causes were then barred by the statute of limitations. *Held:* The evidence fails to show any breach of duty the law imposed upon defendants in their professional capacity, and nonsuit was properly entered.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Morris, J.,* October Term, 1953, BEAUFORT. Affirmed.

Civil action to recover compensation for losses resulting from the alleged negligence of defendant D. D. Topping and H. C. Carter, now deceased, in prosecuting, on behalf of plaintiff, certain actions on fire insurance policies.

On 4 June 1948 plaintiff's drugstore building located in Belhaven, N. C., together with his lunch counter, fixtures, stock of drugs and sundries therein contained, was destroyed by fire. At the time plaintiff was insured under four policies of fire insurance against loss of, or damage to, said mercantile building and its contents. He filed proof of loss with each of the four insurance companies which issued said policies. The insurance companies severally rejected the proofs of loss, denied liability, and declined to pay any part of the plaintiff's losses resulting from said fire.

H. C. Carter and D. D. Topping were at the time attorneys practicing in Beaufort and adjoining counties. As they were the ones from whom plaintiff seeks to recover, they will hereafter be referred to as the defendants.

On 7 April 1949 plaintiff entered into a written contract of employment with defendants to prosecute an action against each of the insurers on the policy issued by it. The compensation to be paid was fixed on a contingent basis and defendants bound themselves "to do whatever may be necessary in order to bring the matters to a successful conclusion, to the best of their knowledge and ability."

On 3 May 1949 defendants, in behalf of plaintiff, instituted in the Superior Court of Beaufort County four separate actions—one against each of the four insurers. Complaints were filed and summonses were issued, directed to the sheriff of Beaufort County. In each case the summons and complaint, together with copies thereof, were mailed to the Commissioner of Insurance of the State of North Carolina. The Commissioner accepted service of summons and complaint in each case and forwarded a copy thereof by registered mail to the insurance company named defendant therein.

Thereafter each defendant made a special appearance and moved to dismiss the action against it for want of proper service of process for that the Insurance Commissioner was without authority, statutory or other-

wise, to accept service of process issued against a foreign insurance company doing business in this State. When the special appearance and motion to dismiss came on for hearing at the February Term 1950, the judge presiding concluded that the acceptance of service of process by the Insurance Commissioner was valid and served to subject the movants to the jurisdiction of the court. Judgment was entered in each case denying the motion therein made. Each defendant excepted and appealed. This Court reversed. *Hodges v. Insurance Co.,* 232 N.C. 475, 61 S.E. 2d 372. See also *Hodges v. Insurance Co.,* 233 N.C. 289, 63 S.E. 2d 819.

On 4 March 1952 plaintiff instituted this action in which he alleges that the defendants were negligent in prosecuting his said actions in that they failed to (1) have process properly served, and (2) sue out *alias* summonses at the time the insurers filed their motions to dismiss the actions for want of proper service of summons, although they then had approximately sixty days within which to procure the issuance thereof.

Defendants, answering, deny negligence and plead good faith and the exercise of their best judgment.

At the hearing in the court below the judge, at the conclusion of plaintiff's evidence in chief, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Allen, Allen & Langley for plaintiff appellant.*

*Grimes & Grimes, Rodman & Rodman, and L. H. Ross for defendant appellees.*

BARNHILL, C. J. This seems to be a case of first impression in this jurisdiction. At least counsel have not directed our attention to any other decision of this Court on the question here presented, and we have found none.

Ordinarily when an attorney engages in the practice of the law and contracts to prosecute an action in behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause. *McCullough v. Sullivan,* 132 A. 102, 43 A.L.R. 928; *Re Woods,* 13 S.W. 2d 800, 62 A.L.R. 904; *Indemnity Co. v. Dabney,* 128 S.W. 2d 496; *Davis v. Indemnity Corp.,* 56 F. Supp. 541; *Gimbel v. Waldman,* 84 N.Y.S. 2d 888; Anno. 52 L.R.A. 883; 5 A.J. 287, 47; Prosser Torts, p. 236, sec. 36; Shearman & Redfield Negligence, sec. 569.

An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers. 5 A.J. 335, sec. 126; 7 C.J.S. 979, sec. 142; *McCullough v. Sullivan, supra; Hill v. Mynatt,* 59 S.W. 163, 52 L.R.A. 883.

Conversely, he is answerable in damages for any loss to his client which proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly situated, or from the omission to use reasonable care and diligence, or from the failure to exercise in good faith his best judgment in attending to the litigation committed to his care. 5 A.J. 333, sec. 124; *Re Woods, supra; McCullough v. Sullivan, supra;* Anno. 52 L.R.A. 883.

When the facts appearing in this record are considered in the light of these controlling principles of law, it immediately becomes manifest that plaintiff has failed to produce a scintilla of evidence tending to show that defendants breached any duty the law imposed upon them when they accepted employment to prosecute plaintiff's actions against his insurers or that they did not possess the requisite learning and skill required of an attorney or that they acted otherwise than in the utmost good faith.

The Commissioner of Insurance is the statutory process agent of foreign insurance companies doing business in this State, G.S. 58-153. *Hodges v. Insurance Co.,* 232 N.C. 475, 61 S.E. 2d 372, and when defendants mailed the process to the Commissioner of Insurance for his acceptance of service thereof, they were following a custom which had prevailed in this State for two decades or more. Foreign insurance companies had theretofore uniformly ratified such service, appeared in response thereto, filed their answers, and made their defense. The right of the Commissioner to accept service of process in behalf of foreign insurance companies doing business in this State had not been tested in the courts. Attorneys generally, throughout the State, took it for granted that under the terms of G.S. 58-153 such acceptance of service was adequate. And, in addition, the defendants had obtained the judicial declaration of a judge of our Superior Courts that the acceptance of service by the Commissioner subjected the defendants to the jurisdiction of the court. Why then stop in the midst of the stream and pursue some other course?

Doubtless this litigation was inspired by a comment which appears in our opinion on the second appeal, *Hodges v. Insurance Co.,* 233 N.C. 289, 63 S.E. 2d 819. However, what was there said was pure *dictum,* injected —perhaps ill advisedly—in explanation of the reason we could afford plaintiff no relief on that appeal. We did not hold, or intend to intimate,

that defendants had been in any wise neglectful of their duties as counsel for plaintiff.

The judgment entered in the court below is

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.