116 So.2d 37 (1959)
Jacob SOLOMON, Appellant,
v.
Baron de Hirsch MEYER and Milton Weiss, a partnership t/d/b/a Meyer, Weiss & Rosen, Appellees.
No. 59-212.
District Court of Appeal of Florida. Third District.
December 3, 1959.
Harry Zukernick, Miami Beach, for appellant.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellees.
PEARSON, Judge.
Jacob Solomon appeals from a summary final judgment for defendants entered in an action brought by him against the appellees for alleged negligence during their employment to aid him in the purchase of certain assets of a bankrupt business. On a prior appeal, the Supreme Court of Florida reversed a judgment which dismissed the cause for failure to state a cause of action.[1] After having filed their answer, the defendants, Meyer and Weiss, moved for a summary judgment relying upon the affidavit *38 of one of the co-partners and upon the record of a cause (Solomon v. Gerstel) lately pending in the United States District Court for the Southern District of Florida.[2] Summary judgment for the defendants was entered and this appeal followed.
The essential allegations of the second amended complaint were as follows: Solomon paid over to Gerstel, a then acting trustee in bankruptcy, the sum of $16,000 pursuant to several contracts in letter form prepared by the defendants as attorneys for Solomon. The funds were not applied by Gerstel in accordance with the terms of several contracts prepared by the defendant attorneys, but on the contrary, the contracts were violated by Gerstel with the result that Solomon sustained the loss of the funds. Approval of the contracts by the bankruptcy court was never obtained, nor was such approval made a condition of the contracts. As a result thereof, the monies deposited by Solomon with Gerstel were not within the legal custody of the court or the estate of the bankrupt. There then followed proceedings in the bankruptcy court whereby Solomon attempted to call Gerstel to an accounting. These proceedings resulted adversely to Solomon and the United States District Judge confirmed the ruling of the referee in bankruptcy. An appeal was thereafter taken by Solomon and the Court of Appeals affirmed the judgment of the district judge.[3]
The basis of the United States Court of Appeals decision was that Solomon, who is the appellant here, did not have an action against the trustee for an accounting because Solomon's own negligence made possible the loss which he sustained. It was held that the funds for which an accounting was sought were not deposited in the bankruptcy court or under the control of the referee in bankruptcy.
It is the position of Meyer and Weiss that the summary judgment was properly entered because all of the facts were determined by the allegations of Solomon in his complaint with exhibits attached thereto and by the decision and opinion of the United States Court of Appeals in Solomon's action against Gerstel, as trustee in bankruptcy. It is urged that the complaint in this cause constitutes an admission by Solomon that the trustee in bankruptcy did not handle the money deposited with him in the manner set forth in the contract which the defendants drew for Solomon. Further that the decision and opinion of the federal court judicially established that the loss, of which Solomon complains, occurred because of his own negligence. We hold that neither of these grounds precluded the existence of a genuine issue of material fact.
There can be no question that one has a cause of action ex contractu against an attorney who neglects to perform the services which he agrees to perform for a client or which by implication he agrees to perform when he accepts employment by a client. Weekley v. Knight, 116 Fla. 721, 156 So. 625. The gist of Solomon's action against his attorneys, as gathered from the complaint before us, is that they failed to advise him of a proper plan of procedure in his business before the bankruptcy court. If Solomon should be able to establish that he did not receive, upon his request, advice which was a necessary part of the performance of the contract between himself as client and the defendants as attorneys, or that his attorneys were negligent in the advice given him, then the fact that the trustee did not follow the terms of a certain contract, would not necessarily determine the case. We do not imply that the defendants had a duty to advise *39 Solomon on the particulars claimed, nor do we imply that they did not adequately advise him. It is urged by Meyer and Weiss that Solomon was a man well versed in bankruptcy procedures, and that as his attorneys, they were employed only to draw contracts according to the directions which Solomon provided. These allegations, as well as the initial determination of the conclusions to be drawn from the facts which are established, will be for the trier of facts.
The second argument advanced in support of the summary judgment is that its entry was correct in light of the decision of the Court of Appeals[4] which affirmatively found that:
"* * * all of this money was disbursed by the trustee to pay off secured creditors: $10,000 of it was handed over to the Sutton Manufacturing Company, a reclamation claimant, in the presence of and with the consent of appellant. In fact, the trustee simply endorsed Solomon's check and handed it to the claimant, receiving therefor a bill of sale to the property as the appellant had directed to him to do. At that time, neither the trustee nor the appellant knew of any other liens, the delinquent rental payments having been satisfied with other money furnished by appellant.
* * * * * *
"It is perfectly plain from the evidence, as found by the court below, that the trustee was merely trying to assist the bankrupt to compose and arrange her affairs so as to continue in business. He was not acting with any authority from the court, but solely under the direction of Solomon, in disbursing the money supplied by the latter. Both acted in good faith and in ignorance of other liens. The money deposited by appellant was put neither into the legal custody of the court nor into the estate of the bankrupt. Because of his lack of diligence and his acquiescence in the disposal of his funds, the appellant has no claim against the trustee in bankruptcy."
However persuasive these words of the opinion may be, they are not determinative of this case. The opinion deals with the action of the present plaintiff against Gerstel as trustee in bankruptcy. The plaintiff alleges that all his actions in his dealings with this officer of the bankruptcy court were under the direction and upon the advice of the attorneys he is now suing. It is his position that their failure to point out to him the dangers into which he was projecting himself amounted to negligence.[5] Upon this record, with all inferences in favor of plaintiff on the defendants' motion for summary judgment, the validity of the plaintiff's claim cannot be determined as a matter of law. If he is able to establish the allegations of his complaint, then it will be for the trier of facts to determine whether the defensive matters are sufficient to refute the alleged negligence.
The summary judgment is therefore reversed and this cause remanded for further proceedings.
Reversed.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Solomon v. Meyer, Fla. 1956, 89 So.2d 865.
[2] This prior action was by Solomon, the present appellant, seeking to recover certain monies paid to L.M. Gerstel, a trustee in bankruptcy. The opinion of the United States Court of Appeals for the Fifth Circuit in that cause is reported at 207 F.2d 601 (1953).
[3] See note 2 supra.
[4] See note [2] supra.
[5] See Savings Bank v. Ward, 100 U.S. 195, 25 L.Ed. 621; Hampel-Lawson Mercantile Co. v. Poe, 169 Ark. 840, 277 S.W. 29; McCullough v. Sullivan, 102 N.J.L. 381, 132 A. 102, 43 A.L.R. 928; In re Woods, 158 Tenn. 383, 13 S.W.2d 800, 62 A.L.R. 904. Cf. Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1.