Everett S. COLLINS and Joe A. Moore, individually and as co-partners dba Collins & Moore, Plaintiffs in Error,

v.

Henry Richard WANNER, Defendant in Error.

No. 40024.

Supreme Court of Oklahoma.

May 28, 1963.

Collins & Sellers, Sapulpa, for plaintiffs in error.

Sanders, McElroy & Whitten, Tulsa, for defendant in error.

BERRY, Justice.

Herein the parties will be referred to as they appeared below which is in reverse order to their appearance here.

On April 16, 1942, Norene E. Wanner instituted a local action (No. 1339–D below) against plaintiff for a divorce, custody of the minor children of the parties and an award for child support. It appears that plaintiff was then a resident of California and has since continued to reside in said State.

In the mentioned action, plaintiff entered a general appearance and waived the issuance of summons. Thereafter, on May 5, 1942, judgment was entered granting Norene E. Wanner. a divorce, custody of the minor children and plaintiff was ordered to pay as child support $40.00 a month beginning July 5, 1942. This judgment became final in 1942.

On November 16, 1955, Norene E. Wanner filed a motion in No. 1339–D seeking judgment for that portion of the award for child support that allegedly was unpaid, which amount was stated to be $3,365.00, together with interest.

Plaintiff filed a response to the motion where he alleged that the youngest child became of age not later than April 15, 1951; that no support payments were due following said date; that payments due prior to November 16, 1950, were barred by "statute of limitation applicable to dormant judgments", being 12 O.S.1951 § 735.

Following trial of case to the court, judgment was rendered December 15, 1955 in favor of Norene E. Wanner. The amount of accrued and unpaid child support was fixed at $3,000.00, together with interest.

Plaintiff gave notice of intention to appeal from the judgment. He requested and was granted an extension of time within which to make a casemade. On February 23, 1956, the casemade was settled and signed by the trial court. Thereafter, on May 10, 1956, plaintiff moved for additional time to and including May 15, 1956, within which to appeal. Notice was given Norene E. Wanner that the motion would be presented May 11, 1956 to the trial court. Following presentation of the motion on said date, it was ordered that plaintiff should have an extension of time to appeal to and including May 15, 1956. The petition in error with casemade attached was filed in the court on the last mentioned date.

After the appeal had been lodged here, Norene E. Wanner filed a motion to dismiss the appeal on the grounds that the petition in error with casemade attached had not been filed in this court within 20 days from date same was settled and signed. This motion was denied. Subsequently, an opinion was promulgated reversing the trial court, which opinion appeared in 28 O.B.J. 89. In so far as material, grounds for reversal were that the judgment dormancy statute (12 O.S.1951 § 735) is applicable to matured and unpaid installments of an award for child support.

A petition for rehearing directed to the opinion was timely filed. After the lapse of a number of months, the opinion was withdrawn and an opinion was promulgated dismissing the appeal. This opinion is reported in Wanner v. Wanner, Okl., 350 P.2d 241. The basis of the opinion was that under the provisions of 12 O.S.Supp. § 972, filing of the petition in error with casemade attached within 20 days from date same was settled and signed was mandatory and jurisdictional; that the time limit of 20 days could not, under Sec. 962, therefore, be retroactively extended by the trial court.

Six Justices concurred in the opinion and the remaining three dissented. In a dissent authored by Mr. Justice Davison, then Chief Justice, it was pointed out that it is provided in 12 O.S.1951 § 962, that "the said court or judge, upon notice to the adverse party, and after hearing, may make such orders (extending time within which to appeal) after the expiration of the time fixed in the previous order, or time allowed by statute". Mr. Justice Davison concluded that in view of the quoted language, the provision of Sec. 972 permitting an extension of time within which to appeal

"not to exceed six (6) months from the date of judgment", and since the appeal was filed within 6 months from rendition of the judgment, it was timely and properly perfected and therefore this Court had jurisdiction thereof. It was also pointed out that Norene E. Wanner did not perfect a cross-appeal challenging the May 11, 1956, order of the trial court; that said order therefore became final and binding upon her.

It should be noted that since our decision in the Wanner case, this Court has departed from the rule announced therein and has, in effect, adopted the view expressed in the dissenting opinion of Mr. Justice Davison. See DeWees v. Cedarbaum, Okl., 381 P.2d 830.

The parties apparently agree that while this Court had held prior to promulgation of the last mentioned opinion that under Sec. 972, supra, an appeal by casemade must be lodged within 20 days from date it is settled and signed, we had never theretofore passed upon the issue presented in Wanner v. Wanner. This issue was whether upon notice to adverse party and for good cause shown, authority resides in a trial court under Sec. 962 to retroactively extend the mandatory 20-day period provided in Sec. 972 for here filing a casemade following settlement thereof and thereby nullify the effect of the prior settlement date.

After mandate had issued in the case, plaintiff paid the amount of the judgment of the trial court. Thereafter, he caused the instant action to be instituted against defendants to recover the amount paid. The action was premised upon the proposition that defendants were negligent in not filing the casemade within 20 days from date that it was settled and signed; that, as a result of such negligence, plaintiff was required to pay $4,300.00 to satisfy the judgment. The jury to whom the case was tried returned a verdict in plaintiff's favor for the amount that he paid under the judgment. Judgment on the verdict was entered in the amount of $4,300.00, together with interest from April 25, 1960, at 6% per annum.

From the order denying defendants' motion for new trial which was directed to the judgment, defendants perfected this appeal.

In support of the allegations of his petition, plaintiff introduced in evidence a copy of the first opinion in Wanner v. Wanner which had been withdrawn; a copy of the second and final opinion therein; mandate of this Court issued in connection with the last mentioned opinion and a copy of the supersedeas bond filed in the case. He proved payment of the judgment; that defendants represented plaintiff in trial of the case and on appeal; that defendant Collins recommended that an appeal be taken and that Collins stated that he was confident of reversal. He also called as a witness a lawyer who testified that he was admitted to practice law in Oklahoma in 1923; that he had since practiced law or served as a trial judge in Oklahoma; that he had perfected appeal to this Court in some 50 or 75 cases; that he was familiar with statutes pertaining to appeals from trial courts to this Court; that where an appeal is by casemade this Court is without jurisdiction when same is not filed within 20 days from date that it is settled and signed.

Defendants called as witnesses lawyers admitted to practice law in this State and who had here practiced for a number of years. The substance of the testimony of two of such witnesses was that the motion to dismiss the appeal in Wanner v. Wanner presented an issue that had never theretofore been decided by this Court; that the law bearing upon the issue was unsettled; that as to the issue, experienced lawyers would disagree as to the construction that should be placed on the applicable statutes.

Among the numerous contentions for reversal made by defendants is that plaintiff failed to prove the cause of action set forth in his petition and for said reason the trial court erred in denying de-

fendants' motion for a directed verdict which was interposed at the conclusion of the trial. For reasons hereafter given we agree.

■ At p. 342, Sec. 139, 5 Am.Jur. "Attorney at Law", it is said that "In actions against attorneys for negligence or violation of duty, the usual rule prevails that the plaintiff must prove the facts essential to establish the breach of a duty by the defendant. The plaintiff must prove the existence of the relation of attorney and client between himself and the defendant, and the facts constituting the alleged negligence; he must show that that negligence was the proximate cause of the injury of which he complains; and generally he must prove the fact and extent of the damage alleged."

At pp. 5-58, 45 A.L.R.2d, will be found annotated notes relating to "Attorneys liability for negligence in preparing or conducting litigation". At p. 21 of said notes this is said by the annotater:

"In the great majority of the cases which have passed upon the questions it has been held that a client claiming that his attorney was negligent in connection with litigation has the burden of proving that damages resulted, this burden involving, usually, the difficult task of demonstrating that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question."

The substance of the above mentioned rule was recognized and followed in Sutton v. Whiteside, 101 Okl. 79, 222 P. 974. In that case the client sought to recover damages from his attorney because of the latter's failure to lay a proper predicate for appeal from an adverse judgment by filing a motion ·for new trial. It was pointed out that the burden rested upon the client to prove that he in fact sustained damages as a result of the attorney's alleged negligent act; that this he failed to do in that he failed to introduce in evidence a transcript of the evidence introduced in the trial of the case in which the client alleged that an erroneous judgment was rendered; that "it was necessary for the plaintiff to establish that, if the motion for new trial had been filed in time, and the appeal perfected, the case would have been reversed by the Supreme Court."

In the instant case plaintiff argues, as we understand his argument, that the first decision in Wanner v. Wanner, which was withdrawn, constituted presumptive evidence of the law applicable to the issues presented by the appeal therein and therefore served to prove that but for defendant's failure to timely perfect an appeal he would have prevailed, and prevailing, would not have been required to pay the judgment. We are unable to agree.

■ A withdrawn opinion is treated as not having been promulgated. 21 C.J.S. Courts § 218, p. 404. Moreover, the issue presented in Wanner v. Wanner had never been directly passed upon by this Court and the answer thereto was in fact highly controversial. This arose from the fact that plaintiff, at all relevant times, was a non-resident of this State and there was no judgment fixing the amount of delinquent payments prior to rendition of judgment by the trial court. An examination of the records is that case shows that a very persuasive brief was filed by Norene E. Wanner in support of her petition for rehearing which was directed to the withdrawn opinion and that such a brief was also filed by several attorneys as friends of the Court. If a final opinion on the merits had been promulgated, it is possible that the judgment would have been affirmed. This, of course, is a matter of conjecture.

■ In a majority of jurisdictions the rule is followed that an attorney is liable to his client for damages proximately resulting from the attorney's failure to exercise that degree of care, skill and diligence which is commonly possessed and exercised by attorneys practicing in the jurisdiction in which the client's cause of action arose. See cases cited in foot note "19", pp. 12–14 of the mentioned 45 A.L.R.2d annota-

tions. But where, as here, negligence is predicated upon the attorney's alleged ignorance of the law, the rule has been followed in many jurisdictions that an attorney is not liable for reaching a conclusion as to a controversial point of law which by subsequent authoritative decision is proved to be erroneous. 7 C.J.S. Attorney and Client § 142, p. 979; cases cited at pp. 15–17 of annotations to 45 A.L.R.2d, and Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1. In the last cited case this was said in the body of the opinion:

"An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers. 5 A.J. 335, sec. 126; 7 C.J.S. Attorney and Client § 142, page 979; McCullough v. Sullivan, supra [102 N.J.L. 381, 132 A. 102, 43 A.L.R. 928]; Hill v. Mynatt, Tenn.Ch.App., 59 S.W. 163, 52 L.R.A. 883"

 To our way of thinking, the last above mentioned rule is sound and should be applied to the facts presented by this appeal. We are, therefore, of the opinion that since the point of law upon which defendants reached an erroneous conclusion was unsettled at the time the conclusion was reached and was one upon which, as reflected by the opinion rendered therein and evidence that defendants caused to be introduced here, qualified and experienced lawyers differed, defendants cannot be said to have been negligent in reaching the conclusion thereon that they reached. We, therefore, hold that the plaintiff's evidence failed to show any negligence on the part of defendants. There was, therefore, error in overruling defendant's demurrer to the plaintiff's evidence and motion for directed verdict.

For reasons stated, the judgment below is reversed and the trial court is directed to enter judgment for defendants.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

HALLEY, V. C. J., dissents.