McCORD, Judge.
This is an appeal from a final judgment in appellee’s favor on a contract.
Appellant, Jacksonville Electric Authority, entered into a contract with appellee, Dillard Smith Construction Company, for the construction of an electric transmission line. Appellee sub-contracted the pile driving to Indian River Construction Co. (hereinafter referred to as Indian River) which then sub-sub-contracted the pile driving to Ed Waters and Sons Contracting Co., Inc. (hereinafter referred to as Waters).
After appellee had submitted its claim for final payment on the contract and had been paid by appellant, the sub-sub-contractor (Waters) filed suit against the sub-contractor (Indian River) who then impleaded appellee, who, in turn, brought in appellant. Upon trial before the court without a jury, judgment was awarded to Waters against Indian River for additional pile driving costs, and in turn, judgment was awarded in favor of appellee against appellant.
This appeal involves two claims by ap-pellee against appellant as follows: (1) a claim for additional compensation for driving 404 piles that did not obtain satisfactory bearing when originally driven, and (2) a claim for moving and driving 88 piles that were longer than those originally provided. The question here is whether or not under the terms of the contract these two claims are valid.
The contract between the parties contains the following provisions:
“If the Contractor is entitled by the Contract Documents to make a claim for an increase in the Contract Price, his claim shall be in writing delivered to the Owner and the Engineer within IS days of the occurrence of the event giving rise to the claim.
‡ % ‡
“The making and acceptance of final payment shall constitute:
******
“(2) a waiver of all claims by the Contractor against the Owner other than those previously made in writing and still unsettled.”
It was appellant’s contention before the trial court that appellee was not entitled to extra compensation under the terms of the contract, but that in any event, appellee had accepted final payment without any claims having been made in writing remaining unsettled and thus, under the express terms of the contract, such claims were waived; that the trial court erroneously modified the contract to allow ap-pellee to recover on, in effect, quantum meruit, where no claim in writing had been made prior to the making and acceptance of final payment. Appellee, on the other hand, contends that the trial court found from the evidence that the correspondence between the parties evidenced a claim in writing which satisfied the terms and conditions of the contract; that the evidence amply supports the finding of fact that ap-pellee made a claim in writing which was acknowledged in writing by appellant’s consulting engineers and that there was no waiver of payment by the appellee. The only finding made by the trial judge on this point in the final judgment is the following :
“Upon the trial, without a jury, of the issue as to whether or not the prime contractor, Dillard Smith Construction Co. had violated the provisions of Article 31, Paragraph B, of the specifications, per *641 taining to claims in writing and the acceptance of final payment, and had thereby waived its right to recover from the Jacksonville Electric Authority on the claims therein presented, the Court finds in favor of the prime contractor on the evidence presented.”
The only basis upon which it can be considered that claims in writing were made for such additional work is cpntained in three letters. The first is from appellee to Reynolds, Smith and Hills (appellant’s consulting engineers) dated March 17, 1971. It is a claim for the 88 piles between Tower No. 13 and Tower No. 23. The second is a letter to appellee from Reynolds, Smith and Hills dated March 18, 1971, which refers to the above letter of March 17 and states, “it is our understanding that additional compensation' will be based on the proposal as stated and calculated as provided for in paragraph 13-03 of the subject specification.” The third letter is a letter to appellee from Reynolds, Smith and Hills dated October 5, 1971, relating to the re-driving work performed on the 404 piles. It refers not to a written claim but to a previous discussion at a meeting. Therein, appellant’s consulting engineers stated their objection to this verbal claim of appellee giving their reasons therefor and stated that they had recommended that appellant use their stated position in their administration of appellee’s contract.
In the final judgment the trial judge adjudicated both claims in appellee’s favor, finding that appellee was entitled to an additional sum of $21,875 for the re-driving work on the 404 piles and the sum of $5,500 in connection with the 88 piles in the area between Towers 13 and 23, plus interest on both sums.
Appellee’s aforesaid letter of March 17, 1971, to appellant’s engineers constituted a claim in writing as to the piles in the area between Tower No. 13 and Tower No. 23. The letter of the consulting engineers of March 18 in reply thereto agreed that ap-pellee was entitled to additional compensation for those piles. This claim was properly adjudicated by the trial judge.
The verbal claim referred to in the consulting engineers’ letter of October 5, 1971, falls in a different category. It was a verbal claim which was denied by the consulting engineer. It is clearly foreclosed by the above-quoted provisions of the contract.
Affirmed in part and reversed in part with directions to enter judgment in favor of appellee and against appellant only- in the amount of $5,500, plus interest thereon at the legal rate and costs.
RAWLS, C. J., and JOHNSON, J., concur.