337 So.2d 841 (1976)
DILLARD SMITH CONSTRUCTION CO., a Corporation, Appellant,
v.
C. Ray GREENE, Jr., Appellee.
No. AA-173.
District Court of Appeal of Florida, First District.
October 1, 1976.
*842 Edward S. Parrish, Jr., of Fischette, Parrish, Owen & Held, Jacksonville, for appellant.
Charles Cook Howell, III, and Henry H. Graham, Jr., of Howell, Kirby, Montgomery, D'Aiuto & Dean, Jacksonville, for appellee.
SMITH, Judge.
The trial court held that appellant's second amended complaint fails to state a cause of action and dismissed appellant's malpractice claim against its former attorney.
Having a construction contract with the Jacksonville Electric Authority (JEA), appellant subcontracted the pile driving to another, who further subcontracted it to still another, who performed it. A claim for extra pile driving came back up the chain to appellant. When JEA had not paid for extra pile driving at the conclusion of the job, appellant became concerned whether it might apply for "final payment" of the contract price and still preserve its claim against JEA for the cost of extra pile driving. The contract between JEA and appellant provided that "[t]he making and acceptance of final payment shall constitute ... [a] waiver of all claims by the Contractor against the Owner other than those previously made in writing and still unsettled." Appellant engaged appellee, a lawyer, for advice.
The second amended complaint alleges that appellee advised appellant to submit a final billing and execute the required release, so to receive the balance of the contract price, without making reference to the claim for extra pile driving. Acting on that advice, appellant obtained final payment from JEA, which later interposed appellant's release and the quoted terms of the contract in bar of appellant's action against JEA for the sum found owing by appellant to the subcontractor and by it to the pile driver. After trial, judgment was rendered for appellant and against JEA. On JEA's appeal, appellant argued that its claim on account of extra pile driving had been properly preserved because "the correspondence between the parties [appellant and JEA] evidenced a claim in writing which satisfied the terms and conditions of the contract... ." Jacksonville Elect. Auth. v. Dillard Smith Constr. Co., 299 So.2d 639, 640 (Fla.App. 1st, 1974), cert. den. 304 So.2d 131 (Fla. 1974). This Court, however, found that appellant had not preserved its claim against JEA to the extent of $21,875.
By the present action appellant alleges that appellee, its lawyer, negligently advised appellant in submitting appellant's claim on JEA for final payment. The allegations of negligence are (a) that the lawyer negligently failed to advise plaintiff that its acceptance of final payment would bar further claims against JEA, "even though the simple reading of the contract and release recited same"; (b) that the lawyer negligently interpreted the "plain wording" of the contract and release "or negligently failed to read said contract and release before wrongfully advising Plaintiff to accept final payment and execute a release;" *843 (c) that the lawyer negligently failed to advise appellant "of the progression of the litigation and the options"; and (d) that the lawyer negligently failed to appeal the trial court's adjudication of appellant's liability to the subcontractor, and so let stand a judgment which was erroneous if JEA was not liable to appellant.
The trial court correctly held that specification (a) and the unitalicized portion of specification (b) of the complaint, summarized above, are insufficient. A lawyer does not guarantee the efficacy of his advice. His contractual interpretations, rendered in the exercise of judgment, in good faith and with the degree of knowledge and skill ordinarily possessed by other lawyers similarly situated, do not become actionable simply because a court later rules against his client. Appellant's lawyer espoused a substantial position, endorsed by the trial court's judgment in the JEA litigation, that the correspondence between appellant and JEA constituted a written claim within the meaning of the contract requirement. In these circumstances, it is not sufficient that appellant alleges by way of conclusion that his lawyer negligently misconstrued the contract's "simple" meaning and "plain wording." Kartikes v. Demos, 214 So.2d 86 (Fla.App.3d, 1968). See Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1 (1954).
The trial court was correct also in holding insufficient the complaint's general allegations, in specification (c) above, concerning the lawyer's neglect to keep appellant informed. Without more, those allegations lack specificity as well as causative relation to appellant's loss. Similarly, the allegation of negligence in specification (d), that the lawyer failed to appeal the judgment rendered for the subcontractor against appellant, is without causative effect. There is no basis for contending the subcontractor's judgment would have been vacated on appeal because appellant's judgment against JEA was reversed. Appellant's failure to present an adequate written claim to JEA prior to final payment could not bar the subcontractor's claim against appellant. See Suritz v. Kelner, 155 So.2d 831, 834 (Fla.App.3d, 1963), cert. den. 165 So.2d 178 (Fla. 1964); Martin v. Hall, 20 Cal. App.3d 414, 97 Cal. Rptr. 730, 53 A.L.R.3d 719, 723-24 (1971).
In one respect the second amended complaint adequately states a cause of action for professional negligence. While the alleged but problematic "simple reading" of "the plain wording" of the contract and release would not necessarily have led any reasonably careful lawyer to but one recommendation to appellant  to present a more specific written claim and postpone "final payment"  there is an alternative allegation that the lawyer
"... negligently failed to read said contract and release before wrongfully advising Plaintiff to accept final payment and execute a release."
In alleging that appellee negligently failed to read the contract before advising plaintiff to accept final payment, the second amended complaint sufficiently states a cause of action. A lawyer's negligent failure even to read a contract submitted for interpretation may be actionable notwithstanding that some reasonably careful lawyers, after reading the contract, might have given the same advice. In a matter requiring the exercise of judgment, a lawyer who thus is able to render passable advice blindfolded is liable if, because he did so, the client is deprived of superior advice that would have resulted from an informed use of the lawyer's judgment. Gleason v. Title Guarantee Co., 300 F.2d 813 (5th Cir.1962), reh. den. 317 F.2d 56 (1963); Kozy Books, Inc. v. Stillman, 19 A.D.2d 802, 243 N.Y.S.2d 266 (1963). See Miriam Mascheck, Inc. v. Mausner, 264 So.2d 859 (Fla.App.3d, 1972); Prosser, Torts § 32 at 161 (4th ed. 1971). The allegation is not made less sufficient by its conjunction with insufficient alternative allegations. Rule 1.110(g), R.C.P.; Beymer-Mann Co., Inc. v. Cross-Country Truck Serv., Inc., 245 So.2d 281 (Fla.App.2d, 1971).
Obviously, we are here concerned only with the sufficiency of appellant's pleading, not with its proof. On remand, the insufficient, *844 immaterial allegations of negligence should be stricken. Rule 1.140(f), R.C.P. An answer should then be required and any resulting issues appropriately disposed of.
REVERSED.
McCORD, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
As recognized and stated in the foregoing opinion: "A lawyer does not guarantee the efficacy of his advice. His contractual interpretations, rendered in the exercise of judgment, in good faith and with the degree of knowledge and skill ordinarily possessed by other lawyers similarly situated, do not become actionable simply because a court later rules against his client. Appellant's lawyer espoused a substantial position, endorsed by the trial court's judgment in the JEA litigation, that the correspondence between appellant and JEA constituted a written claim within the meaning of the contract requirement."
That portion of the complaint relied upon by the majority for reversal alleges:
"Defendant either negligently read said contract and release thereafter, ignoring the plain wording thereof or negligently failed to read said contract and release before wrongfully advising Plaintiff to accept final payment and execute a release."
In my view, applying the legal principles announced in the majority opinion, the quoted portion of the complaint above quoted, as phrased, does not state a cause of action.