HOME SAVINGS BANK OF UPSTATE NEW YORK, Appellant, v BAER PROPERTIES, LTD., et al., Respondents.

Third Department, March 3, 1983

APPEARANCES OF COUNSEL

*Herzog, Nichols, Engstrom & Koplovitz* (*Stephen F. Bailly* of counsel), for appellant.

*Jerome K. Frost* for Baer Properties, Ltd., and another, respondents.

*Wager, Taylor, Howd, Brearton & Kessler* (*John P. Taylor* of counsel), for Clayton Johnson, respondent.

OPINION OF THE COURT

CASEY, J.

On August 10, 1977, defendant Baer Properties, Ltd. (hereinafter Ltd.) through its president, Kenneth J. Baer, executed a bond (which he personally guaranteed) and a mortgage in the amount of $37,000 at 9½% interest for plaintiff Home Savings Bank of Upstate New York. The mortgage covered premises at 355-363 Broadway, Troy,

New York, and contained a due-on-sale clause which provided: "That in the event of a sale or sales of the above granted premises while this mortgage shall remain a lien thereon, this mortgage and the bond, note or obligation which it secures shall thereupon and without notice or demand become immediately due and payable anything herein or in said bond, note or obligation contained to the contrary notwithstanding."

On August 11, 1977, Ltd. transferred the property to Baer, this deed being recorded on October 28, 1980. On August 20, 1979, Baer deeded the property to himself and defendant Clayton Johnson as tenants in common, this deed also being recorded on October 28, 1980. On June 17, 1981, plaintiff informed Ltd. by letter that because of the transfers of the mortgaged property plaintiff was exercising its rights under the due-on-sale clause and demanding immediate payment of the entire principal balance. When Ltd. failed to respond, plaintiff began this foreclosure action, suing also on the guarantee. Defendant Baer in his answer alleged the unenforceability of the due-on-sale clause and in his affidavit supporting his cross motion for summary judgment contended that plaintiff knew or should have known that Baer himself and not Ltd. was in fact the owner of the property and had to be in order to take advantage of certain individual tax deductions; that title was placed in Ltd. at the insistence of plaintiff so that plaintiff could charge 9½% interest and not the 8½% which was the maximum then allowed for loans to private individuals; and that title remained in Ltd. for only one day. It was further alleged that the mortgage was not in any way in default; that plaintiff's security had not been impaired by the transfers; and that if requested by plaintiff, defendants Baer and Johnson would reconvey the property to Ltd.

Because of these allegations we believe that Special Term was correct in denying plaintiff's motion for summary judgment. The courts of this State have not exercised their equitable powers to permit forfeiture in every instance when a due-on-sale clause has been violated (see *Nichols v Evans,* 92 Misc 2d 938, 940, 941). Instead, it has been recognized that under certain circumstances it may

be inequitable to enforce a due-on-sale provision (*Mutual Real Estate Inv. Trust v Buffalo Sav. Bank,* 90 Misc 2d 675, 678) and that each case must be decided on its own particular facts (*Ceravolo v Buckner,* 111 Misc 2d 676, 677). If, as contended, plaintiff knew that the true owner of the property was to be Baer individually, and if plaintiff wanted Ltd. to be the mortgagor only long enough to obtain a higher rate of interest on its loan, then the court sitting in equity in this action for foreclosure can restrict or restrain the due-on-sale clause provision if a contrary determination would be unconscionable or result in unfairness to defendants.

Plaintiff has sustained no damage. Its security has not been impaired. Defendants have agreed to reconvey if requested, a distinct possibility since the property has not been placed beyond their control (see *Nichols v Evans, supra*). Correspondingly, the detrimental impact on defendants if the clause is upheld is obvious. A consideration of the equities would clearly require a denial of plaintiff's motion for summary judgment, as found by Special Term. Furthermore, the affidavits of plaintiff's officers, Howland and Hutchings, are not sufficient to raise factual issues since they do not specifically deny defendants' allegations, but rather skirt the issue by the use of such words as "I do not recall" and "I would not have told". The insufficiency of these affidavits leaves generally uncontroverted defendants' contentions that plaintiff knew of the conveyances at least from the time of their recordation on October 28, 1980; that plaintiff paid a 1981 real estate tax bill which showed that the mortgaged property was owned by Baer and Johnson individually; and that plaintiff accepted checks as payments on its bond and mortgage signed by defendant Johnson individually. In view of these uncontroverted facts, together with defendants' other allegations referred to above, and the insufficiency of plaintiff's affidavits, Special Term properly granted summary judgment to defendants.

These equitable considerations aside, plaintiff now urges that section 341 of the Garn-St. Germain Depository Institutions Act of 1982 (96 US Stat 1469, 1505-1507) has preempted the States from acting independently in regard to

due-on-sale clauses, and that the act should be applied retrospectively to permit plaintiff to foreclose on its mortgage for defendants' violation of the due-on-sale clause, even though the mortgage transaction and the property transfers preceded the act. This conclusion of plaintiff is derived from the section of the act providing for "window periods", which makes the act inapplicable to certain transfers that occur within three years after the effective date of the act (§ 341, subd [c], par [1]) and to transfers that occurred before the effective date of the act (§ 341, subd [c], par [2], cl [B]). Specifically, these "window periods" are made applicable only to those States which had at the time of the act's enactment a constitutional or statutory provision prohibiting the exercise of due-on-sale clauses or a judicial decision to the same effect from the highest court of the State with State-wide applicability (§ 341, subd [c], par [1]). New York had no such constitutional or statutory provision or judicial decision. The "window period" provisions of the act have, therefore, no applicability to New York and whatever retroactive effect is contained in the "window period" provision of the act cannot be applied to this New York transaction that preceded the act.

For those States, like New York, that do not come within the "window period" provisions, the act is silent as to whether there is to be any retroactive effect. It is well settled that a statute has only prospective effect unless Congress clearly manifests an intent for the statute to have retroactive effect (see, e.g., *United States v Security Ind. Bank,* 459 US __, 103 S Ct 407, 413). Since the act contains no such clear manifestation of intent, but rather is totally silent on the issue as to those States not subject to the "window period" provisions, we conclude that the act does not apply to those transfers which, as here, occurred before the effective date of the act.

The order should be affirmed.

MAHONEY, P. J., SWEENEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.