RYDER, Judge.
Cases involving mortgages containing due-on-sale clauses have been before this and other Florida courts with increasing frequency. See Weiman v. McHaffie, 448 *432 So.2d 1127 (Fla. 1st DCA 1984); First Federal Savings and Loan Association of Winter Haven v. Quigley, 445 So.2d 1052 (Fla. 2d DCA 1984); First Home Federal Savings and Loan Association v. Nance, 436 So.2d 163 (Fla. 2d DCA 1983); Orange Federal Savings and Loan Association v. Dykes, 433 So.2d 642 (Fla. 5th DCA 1983); First Federal Savings and Loan Association of Englewood v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980). Recently enacted federal regulations and recent case law have created confusion in the area of mortgage due-on-sale clauses. Today, we address another aspect in this area: the retroactive application of a federal regulation and a federal statute to the attempted transfer of mortgaged property.
In January 1973, John and Theresa Lee executed a mortgage on property in favor of Fortune Federal Savings and Loan Association. In September 1981, the Lees sold the mortgaged property to John and Kathleen Kiefer. Fortune Federal did not consent to the transfer of the property and, in November 1982, filed a complaint against the Lees and the Kiefers seeking foreclosure of the mortgage based on a due-on-sale clause contained in the mortgage.
Mr. and Mrs. Lee filed a three-count crossclaim against the Kiefers seeking: foreclosure of a second mortgage which had been executed by the Kiefers in favor of the Lees; damages based on the promissory note which was secured by the Kiefer/Lee mortgage; and indemnification from the Kiefers based on a provision of the Kiefer/Lee mortgage.
The Kiefers and Lees filed answers and affirmative defenses. A principal allegation made by both the Kiefers and the Lees concerns the failure of Fortune Federal to allege impairment of security in its complaint for foreclosure of the Lee/Fortune Federal mortgage. Fortune Federal replied to the impairment of security allegations, alleging that impairment need not be shown because of a Federal Home Loan Bank Board regulation pre-empting state law, and because of the enactment of the Garn-St. Germain Depository Institutions Act, Pub.L. 97-320, Oct. 15, 1982, 96 Stat. 1469, codified in 12 U.S.C. § 1701j-3 (hereinafter referred to as “Garn Act”).
A hearing on the several parties’ motions for summary judgment was held in May 1983. The trial court granted Fortune Federal’s motion, foreclosing the Lee/Fortune Federal mortgage. The Lees’ motion was granted as it pertained to the Kiefers and denied as it pertained to Fortune Federal; the court ordered foreclosure of the Lees’ second mortgage to the Kiefers. The Kief-ers’ motion for summary judgment was denied. The trial court relied on the Garn Act and the case of First Home Federal Savings and Loan Association v. Nance, supra, in ordering foreclosure of the Lee/Fortune Federal mortgage. A summary final judgment of foreclosure was subsequently entered, setting out the distribution of proceeds to be made after confirmation of the sale of the property. The Kiefers have timely appealed the orders of summary judgment and foreclosure.
The .mortgage between the Lees and Fortune Federal, containing the due-on-sale clause which is at the heart of this controversy, was executed in January 1973. Florida law requires (as it did in January 1973) a showing of impairment of security before a due-on-sale clause could be brought to bear on the mortgage. Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970). See also Delgado v. Strong, 360 So.2d 73 (Fla.1978), and First Federal Savings and Loan Association of Englewood v. Lockwood, supra. It should be noted that while Clark is a decision of this court, it is a decision
[Wjith statewide application since there were no conflicting Supreme Court or District Court of Appeal decisions on this point. See Chapman v. Pinellas County, 423 So.2d 578, 580 (Fla. 2d DCA 1982); Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981); Stanfill v. State, 384 So.2d 141 (Fla.1980); and State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976).
Weiman v. McHaffie, supra. Thus, under Clark, before Fortune Federal could en *433 force its due-on-sale clause it had to show an impairment of security.
An issue raised in this appeal, however, concerns the effect on Florida law of Fidelity Federal Savings and Loan Association v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). In de la Cuesta, the Supreme Court held that a regulation of the Federal Home Loan Bank Board, 12 CFR § 545.8-3(f) (1982), preempts conflicting state laws to which federal savings and loan associations (such as appellant Fortune Federal) were subject. It was noted in de la Cuesta that the pertinent California law “permitted the unrestricted exercise of due-on-sale clauses upon outright transfer of security property” at the time that the subject deeds of trust were executed. 102 S.Ct. at 3031, n. 24. After June 8, 1976, the effective date of section 548.8 — 3(f), see Quigley, the California Supreme Court conditioned the exercise of due-on-sale clauses on a showing that enforcement of such clauses is reasonably necessary to protect against impairment of security or the risk of default. Wellenkamp v. Bank of America, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), cited in de la Cuesta, 102 S.Ct. at 3020. De la Cuesta held that the Wellen-kamp doctrine was “pre-empted by a previously promulgated federal regulation” precluding application of the doctrine to federal savings and loan institutions. Enforcement of the due-on-sale clause deprived the appellees in de la Cuesta of no vested rights under California law. 102 S.Ct. at 3031, n. 24.
De la Cuesta does not control our disposition of the present case. As noted, at the time of the execution of the Lee/Fortune Federal mortgage, prior to the 1976 effective date of Federal regulation § 545.8-3(f), the applicable Florida law required a showing of impairment of security before enforcement of a due-on-sale clause could take place. Clark. De la Cuesta did not decide the issue involved in the case sub judice. See 102 S.Ct. at 3031, n. 24; Weiman; Orange Federal Savings and Loan Association v. Dykes, 433 So.2d 642 (Fla. 5th DCA 1983), on motion for leave to file motion for rehearing and/or clarification, 444 So.2d 1152 (Fla. 5th DCA 1984). Cf. First Federal Savings and Loan Association of Winter Haven v. Quigley; First Home Federal Savings and Loan Association v. Nance (in Quigley and Nance, the mortgages were executed after the 1976 effective date of section 545.8 — 3(f); de la Cuesta obviated the need for a showing of impairment of security for enforcement of the due-on-sale clauses involved in those cases).
We agree with our sister court’s decision in Weiman v. McHaffie that de la Cuesta “merely requires the enforcement of due-on-sale clauses (without a showing of impairment of the lender’s security) if a federal mortgage is involved and the mortgage was executed after the effective date of the federal regulation” (emphasis in original). In the present case, as the mortgage was executed prior to the effective date of the Federal regulation, and de la Cuesta does not require retroactive application of the regulation, de la Cuesta and Nance do not support the trial court’s decision. Furthermore, the fact that the Kief-ers sought to assume the Lee/Fortune Federal mortgage after the effective date of the regulation does not change our decision; the date of the execution of the mortgage is the controlling factor in relation to section 545.8-3(f).
The next issue to be considered is whether the Garn Act supports the trial court’s decision. We hold that it does not.
The transfer from the Lees to the Kiefers occurred in September 1981; this was prior to the enactment of the Garn Act. It cannot be said that Congress intended for the Garn Act to apply to transfers which occurred prior to the Act’s enactment, and we decline to so hold.[1] Generally, a statute operates prospectively un *434 less the legislative intent was clear that the Act be construed retrospectively. See Thayer v. State, 335 So.2d 815 (Fla.1976); 30 Fla.Jur. Statutes §§ 150-151 (1974). In fact, Congressional intent seems to favor a prospective application of the Garn Act. See subsection (c)(2)(b) of the Act, and Note, Garn-St. Germain: Congress Preempts Due on Sale — Fills Void Left by De La Cuesta, 12 Stetson L.Rev. (1983). Our position that the Act is not retroactive has support in the case of Home Savings Bank of Upstate New York v. Baer Properties, Ltd., 92 A.D.2d 98, 460 N.Y.S.2d 833 (1983), wherein that court wrote:
It is well settled that a statute has only prospective effect unless Congress clearly manifests an intent for the statute to have retroactive effect (see, e.g., United States v. Security Ind. Bank, 459 U.S. 70, 103 S.Ct. 407, 413, 74 L.Ed.2d 235).
Id. 460 N.Y.S.2d at 835. We perceive no clear manifestation of an intent that the Garn Act is retroactive. See also Viereck v. Peoples Savings and Loan Association, 343 N.W.2d 30 (Minn.1984) and Scappaticci v. Southwest Savings and Loan Association, 135 Ariz. 456, 662 P.2d 131 (1983).
Under the facts of the case before us, the transfer of the property from the Lees to the Kiefers occurred over one year prior to the effective date of the Garn Act. To read the Garn Act as obviating the need of the lender to show an impairment of security prior to foreclosure of its mortgage, where the transfer of the encumbered property took place prior to the enactment of the Garn Act, would be a strained construction of the Act and the Congressional intent behind the Act. The presumption of the prospective operation of the Act has not been overcome by any clear and unequivocally expressed intent by Congress that the Act should operate retrospectively.[2]
We therefore hold that the trial court erroneously forclosed the Lee/Fortune Federal mortgage and the Lee/Kiefer second mortgage. The summary judgments entered in favor of Fortune Federal and in favor of the Lees are erroneous and are hereby reversed. On remand, the trial court must determine whether Fortune Federal has shown impairment of its security interest in the property because of the transfer from the Lees to the Kiefers. Only if such impairment is shown may Fortune Federal enforce the due-on-sale clause in its mortgage. Similarly, foreclosure of the Lee/Kiefer mortgage may not be upheld at this point in the proceedings.
Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify to the Florida Supreme Court the following question as one of great public importance:
IS THE GARN-ST. GERMAIN ACT RETROACTIVE IN APPLICATION AS IT PERTAINS TO TRANSFERS MADE PRIOR TO THE EFFECTIVE DATE OF THE ACT?
HOBSON, A.C.J., and LEHAN, J., concur.

. We reached that conclusion in Freedom Savings and Loan Association, Inc. v. LaMonte, 448 So.2d 51 (Fla. 2d DCA 1984).

. Of course, our opinion does not apply to pre-1976 mortgages that are transferred after Octo-her 15, 1982.