**Gerard A. DUPUIS and Pamela M. Dupuis, Plaintiffs,**

v.

**YORKVILLE FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**No. 84 Civ. 3437(RWS).**

United States District Court, S.D. New York.

Aug. 9, 1984.

Ober, Kaler, Grimes & Shriver, New York City, for plaintiffs; Barbara T. Barrantes, New York City, of counsel.

Ronald F. Kilmartin, Yonkers, N.Y., for defendant.

OPINION

SWEET, District Judge.

Defendant Yorkville Federal Savings and Loan Association ("Yorkville") has moved pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint of plaintiffs Gerard A. Dupuis and Pamela M. Dupuis ("the Dupuis"). For the reasons stated below, the motion is granted.

The complaint alleges the following. On June 7, 1973, the Dupuis, who are husband and wife, purchased property in Chappaqua, New York ("Property") and obtained a mortgage of $59,900 on the Property ("Mortgage") from Yorkville. The Mortgage contained a due-on-sale clause under which the full principal of the loan becomes immediately due if the Property is encumbered with a second mortgage. On November 8, 1978, the Dupuis received a disaster loan from the Small Business Administration. As security for the loan, a secondary mortgage was placed on the Property after the Dupuis had secured Yorkville's approval. In late 1983, the Dupuis applied to Merrill Lynch Equity Access ("Merrill Lynch") for a loan. Merrill Lynch queried Yorkville about the Dupuis' credit record, and Yorkville responded favorably. On March 30, 1984, the Dupuis closed on a $97,000 credit line from Merrill Lynch and executed a secondary mortgage on the Property as security.

On April 7, 1984, according to the complaint, the Dupuis received a letter from Yorkville notifying them that their loan was in default because of Merrill Lynch's secondary mortgage, and notifying the Dupuis of Yorkville's "intention to accelerate the unpaid balance remaining on the Mortgage and to enforce the due-on-sale clause by instituting a foreclosure action if the entire sum owing was not paid before May 7, 1984." Merrill Lynch froze plaintiffs' credit line because of Yorkville's action. The Dupuis requested that Yorkville reconsider its decision, and Yorkville responded that it would consider the Dupuis in default if the secondary mortgage remained in effect on May 16, 1984. As of that date, the secondary mortgage was still in effect.

The complaint alleges subject matter jurisdiction under 28 U.S.C. § 1331 and contains eight causes of action ("Causes"). Cause 1, brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201–02, alleges that Yorkville's "action in accelerating plaintiffs' first mortgage" violated 12 U.S.C. § 1701j–3, part of the Garn-St. Germain Depository Institutions Act of 1982 ("Act"). Cause 2 states that Yorkville "knowingly and unlawfully" invoked the due-on-sale clause. Cause 3 alleges that Yorkville's unlawful enforcement of the due-on-sale clause was a tortious interference with property rights "asserted with the intent and effect of preventing plaintiffs from lawfully borrowing upon their substantial equity in their home...." Cause 4 alleges that Yorkville threatened to foreclose on the Property "with the intent and effect of damaging plaintiffs' credit standing and reputation." Cause 5 alleges simply that Yorkville's actions caused the Dupuis emotional distress. Causes 2, 3, 4 and 5 seek compensatory damages. Cause 6 seeks a determination that Yorkville's approval of the Small Business Administration loan constituted a waiver of the Mortgage's due-on-sale clause. Cause 7 seeks punitive damages for Yorkville's actions, which, it alleges, were "in direct contravention of the laws of the United States and the Rules and Regulations of the" Federal Home Loan Bank Board. Cause 8 seeks an injunction preventing Yorkville from foreclosing on the Mortgage.

Yorkville contends that the complaint fails to meet the jurisdictional requirement of a substantial controversy involving federal law, and that the proper place for the resolution of this dispute is state court. The Dupuis contend that 12 U.S.C. § 1701j–3(d) creates subject matter jurisdiction for the complaint. The statute at issue states:

> With respect to a real property loan secured by a lien on residential real property containing less that five dwelling units, ... a lender may not exercise its option pursuant to a due-on-sale clause upon—

> (1) the creation of a lien or other encumbrance subordinate to the lender's security instrument which does not relate to a transfer of rights of occupancy in the property;

The Act defines a due-on-sale clause as a provision in a loan contract authorizing the lender, at its option, to declare the loan due and payable if all or any part of the proper-

ty securing the loan is sold or transferred without the lender's prior written consent. *See* 12 U.S.C. § 1701j–3(a)(1). At the time of the Act's passage, numerous states had by statute or judicial decision restricted the enforcement of such clauses. The Act seeks to alleviate the difficulties that Congress believed such restrictions impose on lenders and new homebuyers by declaring that lenders may enforce due-on-sale clauses and thereby preempting the state restrictions on enforcement of the clauses. *See* 12 U.S.C. § 1701j–3(b); S.Rep. No. 97–536, 97th Cong., 2d Sess. 20–21 (1982), *reprinted in*, 1982 U.S.Code Cong. & Ad. News 3054, 3076–77 ("Legislative History"). Section § 1701j–3(d)(1), the section under which the Dupuis seek relief, is an exception to this provision: It provides that lenders may not enforce a due-on-sale clause upon the creation of a subordinate lien that does not relate to a transfer of occupancy rights.

■ Plaintiffs have cited no case interpreting § 1701j–3 to create a cause of action for a lender's enforcement or attempted enforcement of a due-on-sale clause, and the court is aware of no such case, nor of any federal case even citing this section. Accordingly, in considering Yorkville's motion to dismiss, the court must determine whether, under *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the leading case on implied causes of action, such a cause of action exists. *Cort* lists four factors relevant to this determination.

> First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' [citation omitted]—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create a remedy or to deny one? [citation omitted] Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? [citation omitted] And finally, is the cause of action one traditionally relegated to state law, in an area basically of concern to the States, so that it would be inappropriate

to infer a cause of action based solely on federal law?

The Dupuis qualify under the first *Cort* factor. Section 1701j–3(d)(1) creates a federal right on their part to be free from a lender's purported enforcement of a due-on-sale clause on the basis of the creation of a subordinate lien.

The second *Cort* factor provides little help. The Act does not explicitly or implicitly indicate an intention to create a private remedy or to deny one.

The third and fourth factors must be viewed jointly. A private remedy would not be consistent with the Act's purposes because those purposes can be fully effectuated by assertion of the Act as a defense in state foreclosure proceedings. *Cf. Home Savings Bank of Upstate New York v. Baer Productions, Inc.*, 92 A.D.2d 98, 460 N.Y.S.2d 833, 835 (3d Dep't 1983). The Act seeks to supplant state laws concerning due-on-sale clauses with a federal law that permits enforcement of the clauses, except, *inter alia*, when the sole reason for the enforcement is the creation of a subordinate lien. This goal would be fully accomplished if the Dupuis asserted § 1701j–3(d)(1) as a defense if Yorkville were to seek to enforce the clause by foreclosing on the Property in state court.

The laws of contracts and of mortgages, which govern disputes such as the instant one, are of state origin and concern issues traditionally of state concern, a fact that is shown by the Act's passage in response to state law developments. *See* Legislative History at 3076 & nn. 2 & 3. The Act's "window period" provision, *see* 12 U.S.C. 1701j–3(c), seeks to protect expectations based on state mortgage law by limiting the Act's retroactive effect. The regulations interpreting the Act state that except where the Act states otherwise, the exercise of due-on-sale clauses is to "be governed exclusively by the terms of the loan contract and all rights and remedies of the lender and the borrower shall be fixed and governed by that contract," 12 C.F.R.

§ 591.4(b), providing further indication that the Act seeks to preserve state mortgage law where possible. For these reasons, the court holds that § 1701j–3(d)(1) does not create a cause of action for damages. Accordingly, to the extent that causes 2, 3, 4, 5 and 7 assert claims under § 1701j–3, they are dismissed.

■ Cause 1 of the complaint seeks a declaratory judgment by this court that Yorkville may not enforce the due-on-sale clause in the Mortgage. However, this question "could arise only if, in response to a foreclosure or collection suit, the mortgagor or his successor asserted affirmative defenses challenging the enforceability of the due-on-sale clause. The federal question must appear on the face of the well-pleaded complaint." *First Federal Savings and Loan Association of Lake Worth v. Brown*, 707 F.2d 1217, 1218 (11th Cir. 1983). As the court held in *First Federal,* which neither party cited on this motion, federal subject matter jurisdiction does not exist to decide whether Yorkville could enforce the due-on-sale clause, and the first Cause is dismissed for this reason.

■ Cause 8 requests an injunction against Yorkville's threatened enforcement of the Mortgage's due-on-sale clause. Assuming *arguendo* that there is subject matter jurisdiction to hear this claim, the request is denied and the Cause dismissed because any injury to the Dupuis can be fully compensated by money damages, and "where money damages is adequate compensation a preliminary injunction will not issue." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

Cause 6 states a claim only under state law, and Causes 2, 3, 4, 5 and 7 also appear to assert state claims. The federal claims having been dismissed, the court declines to exercise jurisdiction over these claims.

The complaint is dismissed and the clerk is directed to enter judgment to this effect.

IT IS SO ORDERED.