507 So.2d 1152 (1987)
Arlene KAUFMAN, Appellant,
v.
STEPHEN CAHEN, P.A. and Keith Chasin, Appellees.
Nos. 86-753, 86-2017.
District Court of Appeal of Florida, Third District.
May 12, 1987.
Rehearing Denied June 23, 1987.
Joe N. Unger, T. Patrick Ford, Jr., Miami, for appellant.
Stephens, Lynn, Chernay & Klein and Robert Klein and Debra J. Snow, Miami, for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
NESBITT, Judge.
Kaufman appeals a final summary judgment finding that the law firm of Stephen Cahen, P.A., and Keith Chasin are not liable for legal malpractice. Kaufman also appeals the trial court's judgment awarding costs to the firm and Chasin. For purposes of this appeal, the two have been consolidated. Finding that the trial court properly granted summary judgment for the appellees, we affirm both judgments under review.
On July 2, 1980, the doctor treating Mrs. Kaufman's husband allegedly misdiagnosed a cancerous mole on Mr. Kaufman's foot. Kaufman alleges that on June 7, 1982, both she and her husband learned of the doctor's negligence for the first time. On November 17, 1983, Mr. Kaufman died of cancer. Sometime in December 1983, Kaufman retained Steven Cahen, P.A., and Chasin to represent her in a wrongful death action against her husband's doctor. Chasin continued to represent her until sometime in March 1985.
During the period that the firm represented Kaufman, case law in this district held that the wrongful death statute of limitations, section 95.11(4)(d), Florida Statutes (1981), applied to claims such as Kaufman's, namely, claims for a patient's wrongful death which allegedly results from medical malpractice. See Lipshaw v. Pinosky, 442 So.2d 992 (Fla. 3d DCA 1983); Stella v. Ash, 425 So.2d 122 (Fla. 3d DCA 1982). Under this law, Kaufman's claim could have been filed as late as November 16, 1985, some time after the firm and Chasin were discharged. The Supreme Court of Florida subsequently reversed this district's holding, deciding that claims such as Kaufman's must comply with the medical malpractice statute of limitations, section 95.11(4)(b), Florida Statutes (1983), and *1153 must be filed within two years of discovery of the negligent act, but no later than four years after the negligent act. Wagshul v. Lipshaw, 464 So.2d 551 (Fla. 1985); Ash v. Stella, 457 So.2d 1377 (Fla. 1984). By the time these decisions were released, the statute of limitations under section 95.11(4)(b) had already run on Kaufman's claim.
Kaufman alleges that the firm and Chasin were negligent in failing to anticipate the change in the law and, as a result, negligently failed to file suit before the statute of limitations under section 95.11(4)(b) had run on her claim. Kaufman further contends that since material issues of fact remained disputed, the trial court erred in entering a summary judgment. The firm and Chasin contend that their failure to accurately predict a change in the law cannot serve as a foundation for a legal malpractice action, and that the court correctly granted their motion for a summary judgment. We agree with the latter position.
"[T]he rule has been followed in many jurisdictions that an attorney is not liable for reaching a conclusion as to a controversial point of law which by subsequent authoritative decision is proved to be erroneous. 7 C.J.S. Attorney and Client § 142, p. 979; cases cited at pp. 15-17 of annotation to 45 A.L.R.2d... ." Collins v. Wanner, 382 P.2d 105, 109 (Okla. 1963). Furthermore, it has been said that:
[a]n attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers.
Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 146 (1954) (citations omitted). It was not disputed that Chasin acted in honest belief that, under the law in effect at the time of his representation of Kaufman, he had until November 15, 1985, to file Kaufman's claim. Since an attorney's failure to accurately predict changes on an unsettled point of law is not actionable, even if we accept Kaufman's allegations as true, the firm and Chasin may not be held liable for failing to file Kaufman's claim as a result of their inaccurate prediction of which statute of limitations our supreme court would ultimately find applicable to a claim such as Kaufman's. See Smith v. Lewis, 13 Cal.3d 349, 530 P.2d 589, 118 Cal. Rptr. 621 (1975); Howard v. Sweeney, 27 Ohio App.3d 41, 499 N.E.2d 383 (1985); Collins, 382 P.2d at 109; cf. Dillard Smith Constr. Co. v. Greene, 337 So.2d 841 (Fla. 1st DCA 1976) (attorney's contractual interpretations are not actionable in professional negligence simply because a court rules against client so long as attorney exercised judgment, good faith, and reasonable skill).
Consequently, the trial court correctly entered a summary judgment for Stephen Cahen, P.A. and Chasin. Accordingly, the judgments under review are
Affirmed.